No. 48,168

FIRST NATIONAL BANK OF HUTCHINSON, KANSAS, *Appellant,* v. C. E. KAISER, a/k/a CONARD E. KAISER, *Appellee.*

(564 P.2d 493)

Opinion filed May 14, 1977.

*J. Stanley Hill,* of Branine, Chalfant, Hyter & Hill, of Hutchinson, argued the cause and was on the brief for the appellant.

*E. Dexter Galloway,* of Hutchinson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an action commenced by the First National Bank of Hutchinson against C. E. Kaiser on a written contract of guaranty. After a jury trial, judgment was entered in favor of Kaiser. The bank appeals, claiming that it was entitled to judgment as a matter of law.

The guaranty reads in part as follows:

"CONTINUING GUARANTY BETWEEN THE UNDERSIGNED AND THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS

"Hutchinson, Kansas June 22, 1967

"TO THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS

"The undersigned hereby request you to give, and continue to give, Robert H. Kaiser and Glenda Kaiser (hereinafter styled the 'borrower') from time to time, as you may see fit, financial accommodations and credit, and, in consideration of the sum of one dollar ($1.00), and other valuable considerations, the receipt of which is hereby acknowledged, and of financial accommodations and credit heretofore given or which may hereafter be given by you to said borrower, the undersigned hereby guarantee and promise and agree to make prompt payment to you, as they severally mature . . . of all loans made, or which may be made by you to said borrower . . . and of any and all other obligations, of every kind and character, now due or which may hereafter become due from said borrower to you, howsoever created, arising or evidenced, and also of any and all renewals or extensions of any of the foregoing . . .

. . . . . . . . . . . . . . . . . .

"When any such . . . loans . . . or obligations . . . shall become and remain due and unpaid, the undersigned will, upon demand, pay the amount due thereon.

"These presents constitute a continuing promise and agreement and shall apply to and cover any and all such . . . loans . . . or obligations, now or hereafter existing . . . made, discounted or created prior to notice in writing served upon your president, any one of your vice-presidents, your secretary, cashier, or treasurer, that the undersigned will not be liable upon any such overdrafts, loans, discounts or other paper or obligations made, discounted, or created, after the receipt of such notice.

"Before proceeding hereunder against any of the undersigned, resort need not be made by you to collateral security held for said indebtedness, nor need you exhaust your remedy against said borrower . . .

. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . .

   "Limit $9,000.00
          Name
/s/  *C. E. Kaiser*
     C. E. Kaiser"

The bank prepared the guaranty on its form and sent it to C. E. Kaiser. He signed it on or about June 22, 1967 and returned it to the bank. The bank loaned $9,000 to Robert H. and Glenda Kaiser on note No. 6762 on August 1, 1967. That note was paid in full September 30, 1968. Thereafter, a separate loan was made by the bank to Robert H. Kaiser on December 18, 1968, in the amount of $5,740, by which time Robert and Glenda had been divorced. This later loan was evidenced by note No. 1115 signed by Robert H. Kaiser alone. That note was never fully satisfied. The bank brought suit against Robert, who responded by filing a petition for bankruptcy in the United States District Court for the Eastern District of Oklahoma. The promissory note to the bank was scheduled, and an order of discharge was entered on June 7, 1973. Shortly thereafter, on May 21, 1973, this action was filed by the bank against C. E. Kaiser on the guaranty.

The defendant answered, admitted that he executed the written guaranty, but denied that it was intended to be continuing. He alleged that the guaranty was intended only for the purpose of securing a $9,000 loan for the purchase of land by Robert and Glenda Kaiser, which loan was fully paid. Defendant contended that his obligation to the bank was fully satisfied upon payment of the real estate loan. He contended further that the written guaranty was to secure loans to Robert H. Kaiser and Glenda Kaiser and that note No. 1115, signed by Robert only, and not by Glenda, was beyond the scope and coverage of the guaranty.

Both parties moved for summary judgment, both motions were denied, and the case was tried to a jury.

C. E. Kaiser, a resident of Houston, Texas, testified that he was contacted at his office by his brother, Robert, and C. W. Wilcox, a vice president of the bank, regarding his guaranteeing a $9,000 loan to Robert for the purchase of some land. Wilcox told him that his exposure was virtually nil because the land was worth as much as Robert was borrowing. C. E. Kaiser then sent his personal financial statement to his brother to be delivered to the bank. The bank sent him the guaranty to be signed, together with a cover letter explaining what the guaranty was for—to guarantee to the bank the $9,000 real estate loan being made to Robert and his wife. C. E. Kaiser signed the guaranty and returned it to the bank.

C. E. Kaiser testified that he lost the letter of transmittal sent by the bank when it mailed the guaranty to him. An officer of the bank, Forrest Smith, testified that the bank did not have a copy of its cover letter which was written when the bank prepared the guaranty agreement and mailed it to the defendant. Mr. Wilcox testified that the $9,000 limit was placed on the guaranty because that was all that was needed for 40 acres of ground which Robert Kaiser and his wife wanted to buy.

The jury returned a general verdict for the defendant, and answered special questions submitted to it as follows:

"1. Was the guaranty of defendant limited to guaranteeing loans made by the plaintiff to Robert & Glenda Kaiser?

"ANSWER: Yes

"2. Was the loan, which is the basis of this suit made to Robert & Glenda Kaiser?

"ANSWER: No

"3. Is Glenda Kaiser indebted to the plaintiff in any way?

"ANSWER: No

"4. Has the plaintiff been repaid the $9000 guaranteed by this defendant?

"ANSWER: Yes"

The bank moved for judgment notwithstanding the verdict, and appeals following the overruling of that motion. The bank first contends "that the trial court erred in overruling the plaintiff's motion for summary judgment because the only genuine issue of fact was whether or not the defendant had limited the guaranty agreement by a collateral document and that the issue could be resolved as a matter of law." The bank filed supporting affidavits with its motion for summary judgment and the defendant filed an

affidavit in opposition. The trial court apparently overlooked or disregarded the affidavits and overruled the motion on the ground that issues were presented by the pleadings. Plaintiff calls our attention to the rule set forth in *Ebert v. Mussett*, 214 Kan. 62, 519 P. 2d 687, where we said:

"Allegations in pleadings will not sustain a genuine issue of fact when opposed by uncontradicted affidavits supporting a motion for summary judgment." (Syl. 3.)

Though the trial court erred in the stated reason for its ruling, we believe its ruling was correct. As we said in *Kirkpatrick v. Seneca National Bank*, 213 Kan. 61, 515 P. 2d 781:

"The judgment of a trial court is to be upheld, if it is correct, even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision." (Syl. 3.)

Defendant contended that there was an agreement between the parties by which the guaranty was limited to the single real estate loan, and that the bank's concomitant letter of transmittal set forth that understanding.

Where two instruments are executed by the same parties at or near the same time in the course of the same transaction, and concerning the same subject matter, they will be read and construed together. *Amortibanc Investment Co. v. Jehan*, 220 Kan. 33, 551 P. 2d 918; *Place v. Place*, 207 Kan. 734, 486 P. 2d 1354; *Skinner v. Skinner*, 126 Kan. 601, 270 Pac. 594. And to the same effect, see 17 Am. Jur. 2d, Contracts, sec. 264, p. 670, where it is said:

". . . [I]f there are any provisions in one instrument limiting . . . the provisions of another, they will be given effect as between the parties . . . so that the intent of the parties may be carried out . . . ."

The cover letter was lost; neither party located it. The defendant was entitled to attempt to establish the contents of the lost letter pursuant to K.S.A. 60-467. Whether the guaranty was limited by a concurrent agreement of the parties, expressed in plaintiff's cover letter, was thus an issue of fact which could not be resolved as a matter of law, and thus the trial court properly overruled the bank's motion for summary judgment.

We are not unmindful of the rule that when a contract is complete, unambiguous and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings

tending to vary the terms of the contract evidenced by the writing is inadmissible. *Davenport v. Dickson,* 211 Kan. 306, 312, 313, 507 P. 2d 301. As we said in *Failing Co. v. Cardwell Investment Co.,* 190 Kan. 509, 376 P. 2d 892:

". . . The law views with a jaundiced eye any attempt to vary by parol evidence the terms of a written contract. This is particularly true with respect to a written contract of guaranty . . . If the language of the contract of guaranty is clear and leaves no doubt as to the parties' intention concerning the measure of the guarantor's liability, the guarantor cannot be held liable in excess of the limitations that the contract language imposes. . . ." (pp. 516-517.)

Determining whether a written contract is free from ambiguity is a judicial function. *Craig v. Hamilton,* 213 Kan. 665, 518 P. 2d 539. In the case at bar, the trial court allowed evidence to be introduced on the issues of whether the guaranty applied to the joint debts of Robert and Glenda, or to the severable debts of Robert alone, and whether the $9,000 limit expressed in the contract of guaranty was a limitation of the guaranty to the real estate loan in that amount. The court thus implicitly ruled that the contract was not free from ambiguity in those respects.

The guaranty designated Robert H. Kaiser *and* Glenda Kaiser as the "borrower." A case much cited in the law of guaranty holds that a guaranty covering loans to be made in the future to *five* persons does not cover future loans made to but *four* of the five persons named. *Hamilton Trust Company v. Shevlin,* 141 N.Y.S. 232, 156 App. Div. 307, aff'd 109 N.E. 1077, 215 N.Y. 735. And it is said that the guarantor of obligations of a joint enterprise is not liable except for advancements made jointly to the principals who are named in the instrument. Feinsinger, The Law of Suretyship, sec. 54, p. 65. The rule is set forth in 38 C.J.S., Guaranty, sec. 51, p. 1204 as follows:

". . . A guaranty of loans to certain persons jointly does not cover loans made to them as individuals."

The trial court here determined that whether the guaranty was intended to cover loans to the named individuals separately was a question of fact to be determined by the jury. Upon the record before us we cannot say that this was error. Plaintiff's final point is that the trial court erred in overruling plaintiff's motion for judgment notwithstanding the verdict because the undisputed evidence showed that the bank was entitled to judgment as a matter of law. We do not agree.

The issues of fact were fully tried, and were resolved by the jury. The evidence was sufficient to support the jury's answers to the special questions and its general verdict. We find no error.

The judgment is affirmed.