No. 48,573

IRENE M. HIRD, *Appellee,* v. JOHN F. WILLIAMS and ELLEN P. WILLIAMS, *Appellants.*

(577 P.2d 1173)

Opinion filed May 6, 1978.

*John E. Stumbo,* of Stumbo, Stumbo, Palmer, McCallister & Buening, of Topeka, argued the cause and was on the briefs for the appellants.

*John A. Emerson,* of Barber, Emerson, Six, Springer & Zinn, of Lawrence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal from a judgment by the trial court granting foreclosure and cancellation of a real estate installment sales contract.

Irene Hird (plaintiff-appellee) and her husband entered into a real estate sales contract with John and Ellen Williams (defendants-appellants) on August 20, 1971.

The sale consisted of 27 various parcels of rental real estate located in Lawrence, Kansas. Under the contract the appellants assumed and agreed to pay the mortgage indebtedness on the properties; agreed to pay real estate taxes, special assessments and insurance; and after certain initial payments agreed to pay $189,420.18, with interest at the rate of five percent (5%) per annum from August 1, 1971, in regular monthly installments of $1,250.00 each beginning September 1, 1971.

The appellee filed a petition for cancellation and foreclosure on January 30, 1976, in which she alleged the appellants had been in default of their mortgage payments since November 1, 1975. The appellants' answer, filed out of time with leave of court, alleged ambiguity.

Thereafter on March 31, 1976, the appellants attempted to present oral testimony on the issue of ambiguity at their hearing. Prior to receiving any testimony the trial court directed the parties to submit briefs on the issue of ambiguity. On June 15, 1976, the

trial court ruled by letter that the contract was not ambiguous and set a time for hearing remaining arguments on redemption rights.

At the hearing for redemption rights on July 16, 1976, the appellants unsuccessfully objected to the proceeding on the ground there remained factual issues in the case independent of the ambiguity question. The appellants' proffer of proof was also rejected, and judgment of foreclosure, with right of redemption, was entered. At the termination of the redemption period a writ of assistance was issued and duly returned, and the appellee is currently in possession of the real estate under the contract.

The appellants first contend the trial court erred as a matter of law in ruling the contract in question was unambiguous on its face.

Specifically they claim that Paragraph 13 of the contract permits the substitution of real estate collateral other than the parcels described in the contract. They argue this substitution would have provided them with cash funds to carry on their contract payments and avoid default.

Paragraph 13 of the contract provides:

"The Buyers hereby direct the Escrow Agent to invest all pre-payments (and pre-payments do not include the payment of the $35,100.00 as herein provided, or the monthly payments of $1,250.00 as herein provided.) In Certificates of Deposits, Treasury Notes, or any other securities they may desire, as long as due diligence is exercised to assure that said pre-payment principal shall earn a minimum of 5%. Said interest and any principal which may be paid from time to time on the said prepaid investment shall be directed to be paid to said Escrow Agent with the instruction that it shall be used as credit for the Buyers' $1,250.00 monthly payments due to the Sellers."

The trial court determined the contract was complete and unambiguous and concluded:

". . . [T]he terms of the contract are not susceptible to a construction that would require plaintiff to substitute a property offered by defendants for the release of a contract property not paid for under the terms of the contract by defendants so that defendants could then sell such contract property."

We agree. As a general rule when a contract is complete and unambiguous and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible. (See *First National Bank of Hutchinson v. Kaiser,* 222 Kan. 274, 277, 564 P.2d 493 [1977] and cases cited therein; *Temmen v. Kent-Brown Chevrolet Co.,* 217 Kan. 223, Syl. 3, 535

P.2d 873 [1975]; and *Geiger v. Hansen,* 214 Kan. 83, 519 P.2d 699 [1974].) Furthermore, the rules of construction need not be applied where the provisions of a written instrument are clear and unambiguous. (*Desbien v. Penokee Farmers Union Cooperative Association,* 220 Kan. 358, 363, 552 P.2d 917 [1976].)

Of course, determining whether a written contract is free from ambiguity is a judicial function. (*First National Bank of Hutchinson v. Kaiser,* supra at 278 and *Gibbs v. Erbert,* 198 Kan. 403, Syl. 1, 424 P.2d 276 [1967].) Here the trial court properly found the entire contract and Paragraph 13 in particular clear and unambiguous. Paragraph 13 deals with the handling of advance or prepayments over and above the regular monthly payments. It directs any such payments be invested by the escrow agent, at interest, and paid to the seller at the rate of $1,250.00 each month in lieu of regular monthly payments. After the prepayment credit is exhausted the buyers are required to resume their regular monthly payments. Clearly no provision in Paragraph 13 provides for the substitution of collateral in the form of real estate or personal property. Accordingly, no error has been shown in the trial court's ruling.

The appellants also allege the trial court erred in refusing to allow them the opportunity to present oral testimony pertaining to the issue of mutual mistake of fact.

At the hearing to determine redemption rights the appellants attempted to reopen the question of ambiguity under the guise of mistake. The trial court observed this was the *first* mention of the defense of mistake, and the appellants would not be allowed to develop a new theory for their defense each time the trial court ruled against them.

After carefully reading the statement made by the appellants' counsel in support of their defense of mistake we conclude nothing new was offered. The statement covered the very same defensive theory previously presented by the appellants under the theory of ambiguity. In effect, the appellants were attempting to establish an ambiguity which would open the door for parol evidence to justify and explain their default. We have concluded the trial court was correct in finding the contract free from ambiguity and ordering the issue terminated.

The judgment of the lower court is affirmed.