(578 P.2d 1144)
No. 49,244

ANITA J. QUENZER, *Appellee,* v. LLOYD L. QUENZER, *Appellant.*

Opinion filed June 2, 1978.

*Kenneth Clark* of Clark & Shelton, of Hill City, for the appellant.

*Ivan D. Krug,* of La Crosse, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by the defendant husband from a judgment on a post-trial motion by the plaintiff wife wherein the court found that a provision contained in a property settlement agreement was ambiguous and admitted parol testimony to prove the original intent of the parties.

The property settlement agreement as executed by the parties, who were at that time represented by attorneys, provided for the custody and support of the children born of the marriage, a division of the real and personal property accumulated during the marriage, and the payment of two mortgages that existed on the real estate (residence) that was awarded to plaintiff wife free and clear of any right, title or interest of the defendant husband. Paragraph IV of the property settlement agreement is in question, and it provided as follows:

"That Lloyd L. Quenzer hereby quitclaims, transfers and assigns all of his right, title and interest in and to the following real property situated in Ellis County, Kansas, to-wit:

Lot Seven (7), and a portion of Lot Six (6), in Block Six (6), Prairie Acres Addition to the City of Hays, Kansas,

to Anita J. Quenzer, subject only to those balances remaining due and payable to A. J. Breit and Pauline Breit, his wife, which the said Lloyd L. Quenzer agrees to pay and satisfy in full on or before October 1, 1971, under a real estate purchase contract; and to the mortgage in favor of the Hays Savings Association, which said installment payments on the same in the amount of $120.00 are to be assumed and paid by Lloyd L. Quenzer until said mortgage is fully satisfied."

The defendant quitclaimed his interest in the residence to the

plaintiff, as the agreement required. Soon after the divorce, the plaintiff took out a second mortgage on the home. She defaulted on the second mortgage, and the second mortgagee foreclosed. The property was ultimately sold to a third party purchaser on December 3, 1975. On the same date he satisfied the first mortgage and it was released of record. On April 6, 1977, the plaintiff filed a motion in district court to construe paragraph IV in such a manner as to compel the defendant to pay her the equivalent of the monthly mortgage payments until he paid her the sum of $7,895.62, the balance of the mortgage still due and owing on the date of foreclosure.

The court found this provision of paragraph IV to be ambiguous and permitted the admission of parol testimony to explain the intent of the parties. Ultimately, the court found that the defendant was obligated to pay to the plaintiff the balance of said sum. Defendant now appeals, alleging:

(1) The court erred in ruling the provisions of paragraph IV of the property settlement agreement are ambiguous.

(2) The court erred in admitting parol evidence over the defendant's objection and overruling the defendant's motion for judgment.

(3) The court erred in its findings as to the intentions of the parties in construing the contract provisions.

(4) The court unlawfully modified the property settlement agreement.

An appellate court has substantially the same power to interpret documentary evidence, such as this property settlement agreement, as does the trial court. *In re Estate of Broadie,* 208 Kan. 621, 624, 493 P.2d 289 (1972). In this case we find that the subject provision is not in fact ambiguous as was found by the trial court.

When the agreement is reviewed in total, it is plain and clear that the parties provided, among other matters, the transfer to each other of the respective interests in their accumulated real property. This consisted of two sections of farmland and one parcel of city residential property. The farmland was to be deeded to the defendant and the residence to the plaintiff. The residence was subject to a mortgage, and money was owed to private parties on the real estate purchase contract. The agreement made a specific provision that defendant was to be responsible for the satisfaction or payment of these two obligations. Particularly as to

the mortgage, the agreement provided that defendant should pay the Hays Savings Association $120.00 per month until said mortgage was fully satisfied.

The contract unambiguously expresses the intent of the parties to divide the real estate between themselves. The contract further provides that the defendant's duty to make mortgage payments on the residential properties is to terminate when the mortgage is paid in full. The property was divided as provided in the contract, and the defendant's duty to make mortgage payments ended when the mortgage was fully satisfied, even though this was done by a third party.

We find that by application to the facts herein presented that the rules as set forth in *Gardner v. Spurlock,* 184 Kan. 765, 339 P.2d 65 (1959); *Custom Built Homes Co. v. State Comm. of Rev. and Taxation,* 184 Kan. 31, 334 P.2d 808 (1959); and *Brown v. Beckerdite,* 174 Kan. 153, 254 P.2d 308 (1953), are controlling and that the trial court erred in finding that the contract was ambiguous and in admitting parol evidence.

The additional grounds of error need not be discussed, inasmuch as the decisions of the prior two are controlling.

Judgment is reversed.

FOTH, C.J., dissenting. I cannot agree that these parties unambiguously agreed that the husband should be relieved of any further liability once the mortgage on the parties' residence was paid, regardless of who paid it. Looking at the entire property settlement agreement, it appears to me that the intent of the parties was to give the husband the farmland and the wife the residence, free and clear of existing encumbrances. The husband was not, however, required to prepay the mortgage as he was the purchase contract, but was permitted to pay it as the installments came due.

There was nothing in the agreement preventing the wife from selling the home. Under the majority's interpretation, if she sold subject to the mortgage, the husband would be required to continue paying the mortgage on a stranger's house; if she sold to someone who refinanced, the husband would be relieved of any further obligation and would receive a windfall. Under the same literal interpretation, it would be possible for the wife to increase the amount of the mortgage from time to time, and the husband's

obligation would never end because there would never come a time when "said mortgage is fully satisfied." I cannot believe the parties intended to adjust their property rights to permit such a result, particularly where no alimony was awarded. The result here is a windfall to the husband and deprives the wife of a portion of the equity for which she bargained.

Asked to construe the property settlement agreement without the aid of extrinsic evidence, I would say it required payment by the husband to or for the benefit of the wife of an amount equal to the then unpaid mortgage plus interest, as an offset to the farmland set aside to the husband. That was the essence of the result reached by the trial court after hearing extrinsic evidence bearing on the ambiguity perceived by it. I would affirm.