No. 49,244

Anita J. Quenzer, *Appellee,* v. Lloyd L. Quenzer, *Appellant.*

(587 P.2d 880)

Opinion filed December 9, 1978.

*Kenneth Clark,* of Clark & Shelton, of Hill City, argued the cause and was on the brief for the appellant.

*Ivan D. Krug,* of LaCrosse, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an action in which plaintiff Anita J. Quenzer seeks judicial interpretation of a clause in a property settlement agreement she contends is ambiguous. The trial court found the provision was ambiguous, admitted parol evidence to determine the original intent of the parties, and held for plaintiff. The Court of Appeals reversed the trial court in *Quenzer v. Quenzer,* 2 Kan. App. 2d 345, 578 P.2d 1144 (1978), holding the trial court erred in finding the contract was ambiguous and in admitting parol evidence. We granted a petition for review.

Anita J. and Lloyd L. Quenzer were divorced on June 23, 1971, after having entered into a property settlement agreement which was incorporated by the court into the divorce decree. The agreement provides for custody and support of the parties' children, the establishment of a trust account for the education of the

children, disposition of the real and personal property owned by the parties, and the payment of the balance of the purchase price and the remaining mortgage on the residence which was awarded to the wife free of any "right, title and interest" of the husband. It is this clause, directing the husband to pay the mortgage on the residence, which is in question. It provides:

"That Lloyd L. Quenzer hereby quitclaims, transfers and assigns all of his right, title and interest in and to the following real property situated in Ellis County, Kansas, to-wit:

"Lot Seven (7), and a portion of Lot Six (6), in Block Six (6), Prairie Acres Addition to the City of Hays, Kansas, to Anita J. Quenzer, subject only to those balances remaining due and payable to A. J. Breit and Pauline Breit, his wife, which the said Lloyd L. Quenzer agrees to pay and satisfy in full on or before October 1, 1971, under a real estate purchase contract; and to the mortgage in favor of the Hays Savings Association, which said installment payments on the same in the amount of $120.00 are to be assumed and paid by Lloyd L. Quenzer until said mortgage is fully satisfied."

Neither the property settlement nor the divorce decree provides for alimony to the plaintiff.

The defendant husband paid the balance of the purchase price to A. J. Breit and Pauline Breit as required by the property settlement. In addition, he made monthly installment payments of $120.00 to Hays Savings Association through September 19, 1975. On September 15, 1972, plaintiff executed a second mortgage on the home for $18,800 to the Hays National Bank. She defaulted and on October 15, 1974, the bank foreclosed the second mortgage. On December 3, 1975, the residence was sold to a third party purchaser who satisfied the first mortgage that day. On April 6, 1977, plaintiff filed a motion in district court requesting a judicial interpretation of the above-mentioned clause to compel defendant to pay $120.00 per month to her until the sum of $7,895.62, the balance of the mortgage still due and owing on the date of foreclosure, was paid in full.

The trial court found the clause ambiguous, admitted parol evidence to determine the intent of the parties, and held against defendant husband in the amount of $7,895.62 with 8% interest from December 3, 1975. This judgment was later modified to the sum of $5,017.66 with interest at 6½% from December 3, 1975, for reasons not important to this opinion. The Court of Appeals reversed, finding the contract unambiguous and holding for defendant. We affirm the decision of the Court of Appeals.

Plaintiff believes the language of the contract, "until said mortgage is fully satisfied," is ambiguous because it does not state who is to satisfy the mortgage. Whether ambiguity exists in an instrument is a matter of law to be decided by the court. *Mobile Acres, Inc. v. Kurata,* 211 Kan. 833, 839, 508 P.2d 889 (1973). This court, however, may not rewrite a contract or make a new contract for the parties under the guise of construction. *Wood v. Hatcher,* 199 Kan. 238, 428 P.2d 799 (1967). Words cannot be written into a contract which import an intent wholly unexpressed when it was executed. *Duffin v. Patrick,* 212 Kan. 772, 778, 512 P.2d 442 (1973).

Ambiguity is defined in *Wood v. Hatcher,* 199 Kan. at 242, where the court said:

"The language in a contract is ambiguous when the words used to express the meaning and intention of the parties are insufficient in a sense the contract may be understood to reach two or more possible meanings. . . ."

See *Mobile Acres, Inc. v. Kurata,* 211 Kan. at 838; *Mays v. Middle Iowa Realty Corp.,* 202 Kan. 712, 718, 452 P.2d 279 (1969).

If a contract is not ambiguous it must be enforced according to its terms, for the law presumes the parties understood their contract and that they had the intention which its terms import. *Tri-State Hotel Co., Inc. v. Sphinx Investment Co., Inc.,* 212 Kan. 234, 246, 510 P.2d 1223 (1973); *Schnug v. Schnug,* 203 Kan. 380, 383, 454 P.2d 474 (1969). As a general rule, when a contract is complete and unambiguous and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible. *Hird v. Williams,* 224 Kan. 14, 15, 577 P.2d 1173 (1978).

In our judgment, the language of the contract is unambiguous. Defendant was obligated to make monthly mortgage payments to the Hays Savings Association in the amount of $120.00 until the mortgage was fully satisfied. Applying the test set forth in *Wood v. Hatcher,* 199 Kan. at 242, we find the language of this property settlement agreement is not susceptible to more than one interpretation.

The property settlement agreement is silent or incomplete as to the issue of whether the mortgage payments should be paid to the wife when the mortgage is satisfied by a third party. In *Wood v. Hatcher,* 199 Kan. at 242, we said, "The words incomplete and

ambiguous are not synonymous. . . . Ambiguity does not arise from total omission." In *Berg v. Scully,* 120 Kan. 637, Syl. ¶ 2, 245 Pac. 119 (1926), the court stated, "[W]here the contract is silent or ambiguous concerning a vital point incident thereto, parol evidence will be received to aid in its construction." A corollary to the foregoing is that if the contract is silent as to a point not considered vital, parol evidence is not admissible. Here, a stranger to the settlement agreement paid the mortgage. The agreement is silent or incomplete as to the rights of the parties in the event the mortgage was paid. If the payment by a stranger had been a vital point in the settlement agreement parol evidence would have been admissible. The word "reasonable" is frequently used in law and should be utilized in this instance. The appropriate question is: Could the parties reasonably contemplate the mortgage might be paid by a stranger? No reasonable person could argue with a straight face that he anticipated a stranger would pay the mortgage on his property. It follows that the payment of the mortgage by a stranger was not a vital point to the agreement and parol evidence was not admissible.

We hold the pertinent clause of the property settlement agreement is unambiguous and parol evidence was improperly admitted by the trial court to interpret the contract to cover a situation not contemplated by either party at the time the agreement was executed.

The judgment of the Court of Appeals is affirmed.