702 P.2d 905

**JOHNSON EQUIPMENT, INC., an Idaho corporation, Plaintiff, Counter-Defendant, Respondent,**

v.

**Gordon NIELSON, James Kincaid, and Last Chance Enterprises, Inc., an Idaho corporation, Defendants, Counter-Claimants, Appellants.**

No. 15261.

Court of Appeals of Idaho.

July 1, 1985.

Jon N. Wyman, Wyman & Wyman, Boise, for defendants, counter-claimants, appellants.

Robert A. Wallace, Boise, for plaintiff, counter-defendant, respondent.

BURNETT, Judge.

This is an appeal by two debtors and a guarantor from a judgment holding all of them liable for an unpaid obligation arising from a purchase of equipment on credit. Although the appellants ask us to decide fifteen separately stated issues, the case really turns upon two basic questions: (1) whether the district court correctly determined the existence and amount of the unpaid obligation, and (2) whether the district court erred in holding the guarantor, Gordon Nielson, liable upon the obligation. For reasons explained below, we uphold the determination of an unpaid obligation, although we reduce it to a lesser amount; but we reverse the judgment insofar as it imposes liability upon the guarantor.

The pertinent facts are undisputed. Johnson Equipment Co., Inc., sold a backhoe to Last Chance Enterprises, Inc. The sale contract recited a list price of $25,-000.00 and listed a "credit" of $7,500.00 for a "down payment." The "down payment" actually was not a cash tender but merely was a charge against an open account that James Kincaid, president and director of

Last Chance, had established with Johnson Equipment. The balance of the purchase price was financed by Massey-Ferguson Credit Corp. through a dealer recourse loan. The sum owed to Massey-Ferguson, including transaction fees and interest, was $22,621.14. The right to collect this debt ultimately was assigned by Massey-Ferguson back to Johnson Equipment. Thus, the total obligation eventually owed to Johnson Equipment was $30,121.14 ($7,500.00 on open account plus the contract balance of $22,621.14). At Massey-Ferguson's insistence, Gordon Nielson, a vice-president of Last Chance, personally guaranteed "payment of the Retail Installment Contract ... between Last Chance Enterprises, Inc. and Johnson Equipment, Inc. ..."

After making some payments on the contract balance, Last Chance defaulted. The backhoe was repossessed and resold. Johnson Equipment claimed a deficiency and brought this action against all of the appellants—Last Chance, Kincaid and Nielson. The appellants counterclaimed for any surplus funds that might have been generated by the sale. The district court found, in essence, that the appellants owed $17,221.55 on the contract, together with $1,249.89 in additional interest. The court also treated the open account charge as the joint and several obligation of the appellants. The court found that $5,437.50 remained outstanding on the account, bringing the aggregate debt to $23,908.94. The court further found that the backhoe was sold for $24,000.00 and that the net proceeds, after deducting repossession, sale and repair expenses, were $21,552.25. Accordingly, judgment was entered in favor of Johnson Equipment for an unpaid residual obligation of $2,356.79. This appeal followed.

## I

We first consider the district court's determination of the existence and amount of the residual obligation. Although the court characterized this obligation as a "deficiency," a "deficiency" exists only if the open account debt is treated as part of the contract balance. We address that point in greater detail at Part II of our opinion. Here, for the purpose of discussion, we will disregard any distinction between the contract and the open account.

## A

The appellants contend that no "deficiency" should be recognized because Johnson Equipment gave insufficient notice of the sale. Article 9 of the Idaho/Uniform Commercial Code requires a creditor who has taken possession of collateral to notify the debtor of the time after which a private sale will be conducted. I.C. § 28–9–504(3). Failure to give proper notice of sale creates a rebuttable presumption that the fair market value of the collateral at the time of repossession was equal to the outstanding debt. *Mack Financial Corp. v. Scott,* 100 Idaho 889, 606 P.2d 993 (1980).

Here, Johnson Equipment has conceded that it failed to give the required notice. Therefore, Johnson Equipment had the burden of overcoming the presumption by proving the actual fair market value of the collateral when it was repossessed. *See Snake River Equipment Co. v. Christensen,* 107 Idaho 541, 691 P.2d 787 (Ct. App.1984). An expert witness testified at trial that the backhoe's value during the year of repossession would have been $16,000. Upon this record the district court determined that the backhoe's value was less than the outstanding debt even though it had been sold for an "excellent price." Accordingly, we hold that the court did not err in allowing a "deficiency."

## B

We next focus upon several issues concerning the determination of the "deficiency" amount. The appellants contend that testimony concerning the additional interest owed to Massey-Ferguson should not have been admitted. This testimony was given by a witness for Johnson Equipment. In order to refresh his memory of interest rates charged to Johnson Equipment by Massey-Ferguson, the witness referred to correspondence containing

information from Massey-Ferguson. The appellants objected, contending that the letter contained information not originally derived from the witness himself. However, the witness had compiled all the interest charges for the relevant time period and had noted the total charges on the letter. We find no error in allowing the testimony. A witness may use written notes to refresh his own recollection even though the writing has not been prepared by that witness. *State v. Gallatin,* 106 Idaho 564, 682 P.2d 105 (Ct.App.1984). The admissibility or inadmissibility of the document does not affect its availability for use in refreshing a witness's memory. *Owen v. Burcham,* 100 Idaho 441, 599 P.2d 1012 (1979).

The appellants also contend, for the first time in their reply brief, that the interest amounts paid to Massey-Ferguson by Johnson Equipment were not part of the agreement between Johnson Equipment and Last Chance. However, because this issue apparently was not raised in the district court, we will not address it here. *See, e.g., Hoppe v. McDonald,* 103 Idaho 33, 644 P.2d 355 (1982).

The appellants next argue that the cost of repairs to the backhoe should not have been deducted in computing the net sale proceeds. They submit that the repairs were occasioned by Johnson Equipment's own use of the backhoe. However, Johnson Equipment's witness testified that the firm used the backhoe only for a "matter of minutes" and may have rented it to a customer for one day. He said that the repairs were made necessary by general deterioration and by use of the machine in sales demonstrations. The issue thus framed was one of credibility. Assessing credibility is uniquely a trial court function. We are precluded from substituting our opinion of a witness's credibility for that of the trier of fact. *Erhardt v. Leonard,* 104 Idaho 197, 657 P.2d 494 (Ct.App.1983). We will not disturb the district court's determination that Johnson Equipment's use of the equipment was proper and, therefore, that the repairs were chargeable to the appellants.

The appellants further assert that Johnson Equipment's use of the backhoe, until it was resold, manifested an intent to accept the backhoe in full satisfaction of the debt. In appropriate circumstances such an intent might be inferred from the conduct of the parties. *Nelson v. Armstrong,* 99 Idaho 422, 582 P.2d 1100 (1978). However, in this case Johnson Equipment's witness testified that immediately after the repossession, he informed the appellants of his intention to resell the backhoe. He further testified that he contacted the appellants at least every other month until the resale occurred. Upon this record we hold that the district court did not err in declining to treat the debt as fully satisfied upon repossession.

Finally, the appellants argue that the district court should have taken into account a payment of $1,000 made by Kincaid on his open account before the backhoe was repossessed. Johnson Equipment's witness stated in a published deposition that the payment was received and was applied to the "down payment" charge. Once a creditor has applied a payment to an obligation, the debt is reduced. *E.g., Industrial Investment Corp. v. Rocca,* 100 Idaho 228, 596 P.2d 100 (1979). It does not appear that the district court took account of this payment in computing the balance owed on the open account. Therefore, we conclude that the "deficiency" should be reduced by $1,000.

II

We next consider the question of liability for the "deficiency." Because the "deficiency" is less than the balance on the open account, the "deficiency" would not exist if the outstanding debt on the open account were deemed separate from the contract obligation. Of course, this point is of little moment to Last Chance, which has forfeited its corporate charter and appears no longer to be a viable business entity. Nor is it important to Kincaid since he is primarily liable on the open account anyway. But the distinction is crucial to the guaran-

tor, Nielson. He argues that his guaranty agreement does not apply to the "down payment" charge on the open account. If that charge were excluded from the computation of his liability, the debt owed to Johnson Equipment would be less than the proceeds realized from resale of the backhoe and Nielson would owe nothing.

 The rights of a creditor against a guarantor are strictly determined by the terms of the guaranty contract. *Industrial Investment Corp. v. Rocca, supra.* Where the terms of the contract are plain and unambiguous, they alone are consulted to ascertain the obligations guaranteed. As a general rule of contract law, the intent of the parties must be derived from the language of an instrument if it is unambiguous. *International Engineering Co. v. Daum Industries, Inc.,* 102 Idaho 363, 630 P.2d 155 (1981); *Bailey v. Ewing,* 105 Idaho 636, 671 P.2d 1099 (Ct.App.1983).

 Here, the guaranty agreement, partially quoted earlier in this opinion, states the following:

> I, Gordon S. Nielson, the undersigned, hereby guarantee payment of the Retail Installment Contract made and entered into between Last Chance Enterprises, Inc. and Johnson Equipment Inc. of Meridian, Idaho, which contract is for the sum of $30,121.14 with installment payments of $837.82 per month beginning on the 15th day of May 1980. In the event Last Chance Enterprises Inc. does not pay the contract, This [sic] guarantee shall come into effect.

We think this language is clear and unambiguous. In simple terms, Nielson has agreed to make good Last Chance's obligation to Johnson Equipment under a contract for the face amount of $30,121.14. However, the liability of a guarantor ordinarily cannot exceed the liability of the principal debtor. *General Electric Credit Corp. v. Castiglione,* 142 N.J.Super. 90, 360 A.2d 418 (1976); 38 C.J.S. *Guarantee* § 43 (1943). The question now becomes, what is Last Chance's obligation on the contract?

 Absent an express agreement to the contrary, a guarantee to repay money advanced to a business or professional organization generally does not cover advances made to individual members of the organization. 38 C.J.S. *Guarantee* § 51 (1943). *See, e.g., Transport Pool Division of Container Leasing, Inc. v. Joe Jones Trucking Co.,* 319 F.Supp. 1308 (N.D.Ga. 1970) (guarantor found to have guaranteed account owed by a corporation but not account of an individual connected with the organization); *First National Bank of Hutchinson v. Kaiser,* 222 Kan. 274, 564 P.2d 493 (1977) (guaranty of loans made to persons jointly does not cover other loans made to them as individuals); *Allied Plywood Co. v. Pearson,* 121 R.I. 72, 395 A.2d 716 (1978) (guaranty held limited to debts of corporation and not of an individual).

 In this case, the backhoe sale contract clearly was a corporate obligation. The principal debtor was Last Chance. As noted, a "credit" was allowed on the contract for the "down payment" charged to Kincaid's personal open account. There is no evidence in the record before us to establish that the open account was created for a corporate purpose. The trial court found that Kincaid, as an individual, had transacted business with Johnson Equipment on an open account basis before the backhoe sale occurred. Kincaid charged items for personal use both before and after the sale. Kincaid made no representation that he was acting on behalf of Last Chance in regard to the open account. That the corporation might have benefited from a transaction on the open account does not, by itself, create a corporate contract obligation to Johnson Equipment within the scope of Nielson's guaranty. We conclude, in light of the case law cited above, that the open account is not part of Last Chance's contract obligation. It is outside the scope of Nielson's guaranty and Nielson is not individually liable for the "deficiency" judgment. The "deficiency" is owed by Kincaid.

In summary, we affirm the judgment insofar as it establishes a residual unpaid

obligation, but we modify the obligation, reducing it from $2,356.79 to $1,356.79. We reverse that part of the judgment which imposes any "deficiency" liability upon appellant Nielson as a guarantor. Costs to appellants. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.