No. 66,871

TERRY HOLLENBECK, Special Administrator of the Estate of Robert
E. Hollenbeck, Deceased, *Appellant*, v. HOUSEHOLD BANK,
*Appellee.*

(829 P.2d 903)

Opinion filed April 10, 1992.

*Robert A. Mintz*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Mark W. McKinzie*, of the same firm, was with him on the briefs for appellant.

*Todd A. Rohr*, of Copilevitz, Bryant, Gray & Jennings, P.C., of Overland Park, argued the cause, and *Thomas W. Gray*, of the same firm, of Kansas City, Missouri, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This contract interpretation case is presented to us for review of summary judgment. Our task is to determine whether decedent Robert E. Hollenbeck intended to create a $99,607.46 rollover individual retirement account (IRA) in 1987 with his wife, Peggy L. Hollenbeck, as beneficiary.

Terry Hollenbeck, the son of the deceased by a prior marriage, brought this action as special administrator of the Estate of Robert E. Hollenbeck (Estate) against Household Bank (Bank). The Estate seeks to recover the proceeds ($99,607.46) of an IRA cer-

tificate of deposit (CD) which was paid to Robert E. Hollenbeck's widow, Peggy.

Our jurisdiction is based on a transfer from the Court of Appeals under K.S.A. 20-3018(c).

The issue is whether Robert's designation of Peggy as beneficiary in 1986 on an IRA Simplifier provided by the Bank applies to the 1987 $99,607.46 CD.

The trial court granted summary judgment for the Bank.

We hold that the beneficiary designation applies to the 1987 CD and affirm the trial court.

## Facts

Robert E. Hollenbeck, in 1986, opened an IRA at the Bank (a CD in the amount of $15,000) by a rollover transfer from a preexisting IRA. The new account holder was designated as "HOUSEHOLD BANK f.s.b TRUSTEE FOR ROBERT E. HOLLENBECK UNDER I.R.A. #459382" (the account number 459382 was assigned to the IRA CD). The CD provided that the account was held under an IRA agreement.

At the time the 1986 IRA was opened, Robert completed and signed an "IRA Simplifier, Individual Retirement Account Application,"'which listed account number 459382. It also contained Robert's social security number. On the IRA Simplifier, Robert designated Peggy as the sole primary beneficiary "of this IRA." The IRA Simplifier contained the following preprinted clause above the signature line:

*"Important: Please read before signing.*
I have read the eligibility requirements for the type of IRA deposit I am making and I state that I do qualify to make the deposit. I have received a copy of the Application, 5305 Plan Agreement and Disclosure Statement. I understand that the terms and conditions which apply to the Individual Retirement Account are contained in this Application and the 5305 Plan Agreement. I agree to be bound by those terms and conditions."

The 5305 plan agreement is entitled: "Individual Retirement Trust Account, Form 5305 Under Section 408(a) of the Internal Revenue Code." The 5305 plan agreement is a two-page form. Article 1 provides in part: "The Trustee may·accept additional cash contributions on behalf of the Depositor for a tax year of the Depositor. The additional cash contributions are limited to $2,000 for the tax year unless the contribution is a rollover con-

tribution." The 5305 plan agreement contains provisions required by the Internal Revenue Code. Under the section entitled "INSTRUCTIONS," the 5305 plan agreement states: *"An employee's social security number will serve as the identification number of his or her Individual Retirement Account."* (Emphasis added.)

In March of 1987, Robert purchased a CD in the amount of $99,607.46. The account holder was listed as "Household Bank, Trustee for Robert E. Hollenbeck, IRA Plan #1-515149010" (Robert's social security number). The 1987 CD was assigned account number 471684 (not the number on the 1986 $15,000 CD). The 1987 transaction was a "rollover" of Robert's retirement account at Procter and Gamble. Robert did not execute a new IRA Simplifier.

Robert died intestate in April 1987. Peggy, as the designated beneficiary under the IRA Simplifier, applied for the proceeds of both the 1986 $15,000 CD and the 1987 $99,607.46 CD. The Bank paid the proceeds from the two CD's to Peggy in June 1987.

### The Special Administrator's Contentions

The Estate filed a motion for summary judgment, asserting that the Estate was the proper beneficiary of the 1987 IRA CD because Robert had not designated a beneficiary. The Estate asserted that the IRA Simplifier designating Peggy as beneficiary only applied to the 1986 IRA CD; therefore, the proceeds of the 1987 IRA CD, $99,607.46, should be paid to the Estate, not to Peggy.

### The Bank's Contentions

The Bank reasons that the 1987 IRA CD was a "subaccount" of the 1986 IRA agreement; consequently, Robert did designate Peggy as beneficiary for the 1987 IRA CD.

The Bank argues that the 1987 IRA CD was a contribution to the IRA Trust Agreement established by the IRA Simplifier and the 5305 plan agreement at the time the 1986 IRA CD was issued. Therefore, the IRA Simplifier designating Peggy as beneficiary applies to the 1987 IRA CD. Attached to the Bank's memorandum in opposition to the Estate's motion for summary judgment was an affidavit of an officer and employee of the Bank.

The affidavit set out the Bank's procedures for opening an IRA and for making additional contributions to an existing IRA.

The Bank filed a motion for judgment on the pleadings. The Estate, in its response, objected to the affidavit as inadmissible parol evidence and as inadmissible hearsay evidence. (The affidavit also reported statements of the deceased concerning his intention for beneficiary designation in rolling over an existing retirement account into the 1987 CD.)

### The Trial Court's Ruling

The trial court denied the Estate's motion for summary judgment and granted the Bank's motion. The trial court noted that it considered the Bank's memorandum in opposition to the Estate's motion for summary judgment. Because the memorandum included material outside the pleadings to which the Estate had replied, the court considered the Bank's motion for judgment on the pleadings as one for summary judgment. The Estate agreed that the trial court had all of the relevant documents and, consequently, could decide the issues without an evidentiary hearing.

The trial court found that: (1) The 1987 $99,607.46 IRA CD was issued subject to the conditions of the IRA Simplifier executed by Robert in April 1986; (2) Peggy was the sole and primary beneficiary, designated by Robert, of the two CD's under the IRA Simplifier; and (3) the Bank properly paid Peggy the proceeds from the two CD's. (Peggy's status as beneficiary of the 1986 $15,000 CD has never been in issue.)

### Summary Judgment

When matters outside the pleadings are presented to and not excluded by the court, a motion for judgment on the pleadings shall be treated as one for summary judgment. K.S.A. 1991 Supp. 60-212(c). Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When summary judgment is challenged on appeal, we must read the record in the light most favorable to the party who defended against the motion. We must reverse when we find that reasonable minds could differ as to the conclusions drawn from the evidence. *Hammig v. Ford,* 246 Kan. 70, 72-73, 785 P.2d 977 (1990).

## Construction of the Written Instruments

The resolution of this appeal requires us to construe and to determine the legal effect of the pertinent written IRA documents. See *In re Living Trust of Huxtable,* 243 Kan. 531, 533, 757 P.2d 1262 (1988).

The Estate contends the trial court erred in: (1) construing the purchase of the 1987 IRA CD together with the 1986 signing of the IRA Simplifier when Robert purchased the $15,000 IRA CD and (2) concluding that the purchase of the 1987 IRA CD was part of the same transaction involving the same subject matter, *i.e.,* Robert's IRA. The Estate distinguishes *First National Bank of Hutchinson v. Kaiser,* 222 Kan. 274, 564 P.2d 493 (1977), and *Cline v. Angle,* 216 Kan. 328, 532 P.2d 1093 (1975), which were relied on by the trial court. The Estate reasons that the rationale of *Cline* and *Kaiser* only applies when two documents constitute one contract and the issue before the court is the meaning of that one contract. According to the Estate, the *Cline-Kaiser* rationale does not apply when the issue is whether the two documents constitute two separate contracts. The Estate asserts that each IRA CD constitutes a separate contract. Thus, the Estate reasons, the 1986 IRA Simplifier may not operate to designate a beneficiary of the 1987 IRA CD.

The Bank counters that the trial court's reasoning is appropriate because the IRA trust agreement was explicitly made a part of the two IRA CD's. Therefore, it is proper to construe the two CD's as part of the same transaction.

"A cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if the intention is consistent with legal principles." *Garvey Center, Inc. v. Food Specialties, Inc.,* 214 Kan. 224, 229, 519 P.2d 646 (1974). When a contract is plain and unambiguous, the parties' intent should be determined from the instrument. See *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.,* 245 Kan. 258, 271, 777 P.2d 1259 (1989), *cert. denied* 493 U.S. 1036 (1990). However, where ambiguity or uncertainty is involved, the parties' intent may be determined from all the language used in the contract, the circumstances existing when the agreement was made, the object sought to be obtained, and other circumstances, if any, which tend to clarify the intention of the parties. *Amor-*

*tibanc Investment Co. v. Jehan,* 220 Kan. 33, 43, 551 P.2d 918 (1976). Whether an ambiguity exists in a written instrument is a question of law for the court. *St. Paul Surplus Lines Ins. Co.,* 245 Kan. at 271.

Documents which are executed at different times, but in the course of the same transaction concerning the same subject matter, will be construed together to determine the intent of the parties to the contract. *West v. Prairie State Bank,* 200 Kan. 263, 267, 436 P.2d 402 (1968).

A review of the written documents in the case at bar leads to the conclusion that the parties to the IRA trust agreement, Robert and the Bank, intended the IRA Simplifier, designating Peggy as the beneficiary, to apply to the 1987 IRA CD.

The language of the documents supports our conclusion.

First, the 1986 CD provides that it is held under an IRA agreement. Robert executed the IRA Simplifier on the same day he purchased the 1986 rollover IRA CD. The IRA Simplifier, also entitled "Individual Retirement Account Application," stated that the simplifier, the 5305 plan agreement, and the disclosure statement contain the terms and conditions of the IRA. Robert agreed to be bound by such terms. The IRA trust agreement included all of the above documents. The 5305 plan agreement contained provisions authorizing additional contributions with different investment options; *i.e.,* savings account, CD, share account, share certificate, or "other savings instruments which we offer." The 5305 plan agreement also provided that an individual's social security number will serve as the identification number of his or her IRA. The 1987 IRA CD lists as the account holder "Household Bank, Trustee for Robert E. Hollenbeck IRA Plan #1-515149010" (Robert's social security number).

We reason that the 1987 IRA CD referred back to the IRA trust agreement established by the IRA Simplifier. It is appropriate to construe all instruments together because they concern the same subject matter, Robert's IRA.

Second, in 1986, Robert purchased the 10-year $15,000 CD at 10% interest under the IRA trust agreement. In 1987, he transferred the $99,607.46 to the same IRA trust agreement. He had to purchase a second CD because he could not add to the existing CD. The 1987 CD was a 10-year CD at 8.33% interest. In ad-

dition, the 1987 IRA CD could not by itself establish a qualified IRA because it did not contain the provisions required by I.R.C. § 408 (1987). If the 1987 IRA CD was not held under the pre-existing IRA trust agreement, a valid IRA was not created and Robert would be subject to tax penalties. Therefore, it is reasonable to conclude he intended the 1987 IRA CD to be held under the IRA trust agreement established in part by the IRA Simplifier executed in 1986. Reasonable rather than unreasonable interpretations are favored by the law. *Garvey Center, Inc.*, 214 Kan. at 227.

The Estate asserts that the affidavit of the Bank's officer is incompetent as evidence. In support of this assertion, the Estate argues: (1) the contract is unambiguous, and parol evidence is inadmissible to explain the terms of the contract; and (2) the affidavit contains inadmissible hearsay.

We need not review the propriety of the affidavit or address the hearsay issue. We agree with the Estate that the written IRA documents provide the basis for our review.

There is ample evidence from the documents to find that the IRA Simplifier, designating Peggy as beneficiary, applied to the 1987 CD. The Bank properly paid the proceeds of the 1987 CD to Peggy. Summary judgment was proper.

Affirmed.

ABBOTT, J., not participating.

■ PAUL E. MILLER, district judge, assigned.