**MONARCH NORMANDY SQUARE PARTNERS, Plaintiff,**

v.

**NORMANDY SQUARE ASSOCIATES LIMITED PARTNERSHIP, et al., Defendants.**

**NORMANDY SQUARE ASSOCIATES LIMITED PARTNERSHIP, et al., Plaintiffs and Counterclaim Defendants,**

v.

**MONARCH NORMANDY SQUARE PARTNERS, et al., Defendants and Counterclaim Plaintiffs.**

Civ. A. Nos. 88–1338–MLB, 88–1513–MLB.

United States District Court,
D. Kansas.

March 16, 1993.

See also 817 F.Supp. 908, 817 F.Supp. 896, 817 F.Supp. 899.

James A. Walker, Triplett, Woolf & Garretson, Wichita, KS, T. Barry Kingham, Curtis, Mallet–Prevost, Colt & Mosle, New York City, Warren Dennis, Proskauer, Rose, Hoetz & Mendelsohn, Washington, DC, Marc Marmaro, Jeffery, Mangels & Butler, Los Angeles, CA, for plaintiff.

Terry L. Malone, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Philip L. Bowman, Adams, Jones, Robinson & Malone, Wichita, KS, for defendants.

Steven C. Kiser, pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants'[1] Normandy Square Associates Limited Partnership (NSALP), Anchor Properties, J. Stanley Pottinger and Richard Gleicher's motion for partial summary judgment, pursuant to Fed.R.Civ.P. 56. (Doc. 330)

These consolidated actions arise from the sale of the Normandy Square Apartments (NSA), an apartment complex in Wichita, Kansas. Monarch Normandy Square Partnership (MNSP) entered into a Real Estate Purchase Agreement in September, 1985, to sell NSA to Richard Gleicher for the sum of $6.75 million. As part of the consideration for the purchase price, the parties agreed that Normandy Square Associates Limited Partnership (NSALP),[2] a limited partnership set up by Gleicher, would execute a promissory note in the amount of $320,000 in favor of MNSP, pursuant to the following provision in the Agreement:

> By execution and delivery to Seller by Purchaser or its assignee of a nonrecourse promissory note (the "Purchase–Money Note") secured by a purchase money mortgage (the "Purchase–Money Mortgage") on the Property in the principal amount of $320,000, bearing interest at 9% per annum, payable in quarter-annual installments of interest only, with the principal amount being payable on the earlier of 3 years from the Closing or the conveyance of the Property by Purchaser to an entity other than a partnership of which Richard Gleicher is a general partner (which note and purchase money mortgage are hereinafter referred to as the "Purchase Money Financing").

The sale of NSA closed on October 30–31, 1985. Gleicher immediately transferred the apartments to NSALP. NSALP executed a promissory note on October 31, 1985, in favor of MNSP in the amount of $320,000. Contrary to the language of the Real Estate Purchase Agreement, the promissory note was not secured by a purchase money mortgage, as the parties were unable to obtain permission for an additional mortgage to be placed on the property. Gleicher's attorney proposed, and MNSP accepted, a modification of the promissory note to contain the following language:

1. There is some confusion created by the fact that both sides refer to themselves as plaintiff. For purposes of this motion only, the court will refer to Monarch Normandy Square Partners (MNSP) as the plaintiff and Normandy Square Associates Limited Partnership (NSALP), Anchor Properties, J. Stanley Pottinger and Richard Gleicher as the defendants.

2. NSALP's general partner is Anchor Properties, a New York limited partnership, of which Gleicher and Pottinger are the general partners.

Notwithstanding any other provisions contained herein, the partners of Maker shall have no personal liability for the payment of this Note or the performance of any other covenants of this Note; provided, however, that the said partners shall have full personal liability for all accounts receivable, security deposits, prepaid rents and expenses, and such other funds derived from the property that are the property of third parties, or that accrue from and after the occurrence of a default to the date holder obtains possession of the property.

In 1988, MNSP filed suit in Sedgwick County District Court seeking to recover under the promissory note. The suit was removed to federal court and consolidated with Case No. 88–1513–B.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

## DISCUSSION

In Case No. 88–1338–B, MNSP seeks to hold the partners of NSALP[3] individually liable for certain sums of money derived from the operations of NSA after the alleged date of default. The defendants' motion seeks to establish that the individual partners of NSALP are not personally responsible for the payment of the promissory note.

The defendants argue the provision of the promissory note at issue simply mandates proper accounting, not payment, by the individual partners of all property of third parties in the event of a default by NSALP. In the defendants' view, the provision was merely intended to bolster MNSP's nonexistent foreclosure rights in the event of NSALP's default. Because MNSP cannot repossess NSA, the defendants contend it cannot hold the individual partners personally liable for any funds derived from the property.

The court finds the defendants' argument to be completely untenable. If the defendants' argument was given effect, it would render the contract illusory. MNSP would have given up the mortgage intended to secure the promissory note under the Agreement and received nothing in return. It would have surrendered its legal right to pursue the individual partners on the promissory note because it held no mortgage interest in NSA. At the time the promissory note was given, the parties knew MNSP had no mortgage interest in NSA. It defies logic to believe that the parties could have intended the interpretation advanced by the defendants. *See Hollenbeck v. Household Bank*, 250 Kan. 747, Syl. ¶ 1, 829 P.2d 903 (1992) (reasonable rather than unreasonable interpretations of contracts are favored by the law). Simply stated, if, as the defendants contend, the words "full personal liability for" were intended *only* to make the individual partners "personally accountable for" funds or to "ensure that the partners would not mishandle" funds, (Doc. 332, p. 8), then those words could have been used. Although the court does not believe the language is ambiguous, it was defendants' counsel who drafted the language and therefore it is the defendants who must bear the consequences of the ambiguity they have sought to create. *Shelter Mut. Ins. Co. v. Williams*, 248 Kan. 17, 23, 804 P.2d 1374 (1991); *Helitzer v. Helitzer*, 761 F.2d 582, 589 (10th Cir.1985).

The interpretation urged by MNSP is a reasonable one. Even absent the express language in the promissory note, the individual partners are personally liable for the liabilities of NSALP. K.S.A. 56–1a253(b). Under the promissory note, the parties restricted this liability to the enumerated funds plus "such other funds derived from the property that are the property of third parties." The parties also placed a date restriction on the individual partners' liability. Their personal liability ran from and after the occurrence of default until MNSP obtained possession of NSA. The fact that MNSP does not have an interest in NSA and

3. NSALP filed a Chapter 11 bankruptcy petition on June 17, 1988.

cannot, therefore, resort to judicial process to obtain possession of NSA, does not obviate the individual partners' liability. The latter date represents a restriction, not a condition, on the individual partners' liability. The inclusion of the provision appears to have been intended to give the individual partners the option of turning NSA back to MNSP in case of default, thereby terminating their liability under the promissory note.

The court holds the individual partners can be held personally liable under the terms of the promissory note. Accordingly, the defendants' Normandy Square Associates Limited Partnership (NSALP), Anchor Properties, J. Stanley Pottinger and Richard Gleicher's motion (Doc. 330) for partial summary judgment is denied.[4]

IT IS SO ORDERED.

4. In its memorandum in opposition to defendants' motion, MNSP asks this court to enter judgment against Anchor, Pottinger and Gleicher for the full face amount of the promissory note, plus interest and costs. MNSP, however, has not filed a motion for summary judgment. The court is not in a position to decide the case on the merits in MNSP's favor in the absence of such a motion.