**TELEPROMPTER CORPORATION,**
**Plaintiff,**

v.

**Jerrold L. POLINSKY, a/k/a Jerry Polinsky, First National Bank of Duluth and Northwestern Bank of Commerce of Duluth, Defendants.**

**No. 77 Civ. 1514 (WCC).**

United States District Court,
S. D. New York.

Sept. 29, 1977.

Shea, Gould, Climenko & Casey, New York City, for plaintiff; Ralph L. Ellis, Richard F. Czaja, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Jerry Polinsky; Bruce W. Kauffman, David H. Pittinsky, Carl G. Roberts, Philadelphia, Pa., Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendants, Northwestern Bank of Commerce and First National Bank of Duluth; Loren W. Sanford, A. Nicol Smith, Duluth, Minn., Fryberger, Buchanan, Smith, Sanford & Frederick, P.A., Duluth, Minn., of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge:

This declaratory judgment action was commenced in the Supreme Court of the State of New York and removed to this court on defendants' petition pursuant to 28 U.S.C. § 1441. Plaintiff Teleprompter Corporation ("Teleprompter") is a New York corporation with its principal place of business in New York. Defendant Jerrold L. Polinsky, a/k/a Jerry Polinsky ("Polinsky") is a resident of Minnesota. Defendant First National Bank of Duluth ("First National Bank") is a national bank established in Duluth, Minnesota. Defendant Northwestern Bank of Commerce of Duluth ("Northwestern Bank") is a Minnesota bank, established in Duluth, Minnesota. Duluth, Minnesota, is the principal and only place of business of the defendant banks.

Defendants have moved to dismiss this action pursuant to Rules 12(b)(2) and 12(b)(7), F.R.Civ.P., on grounds of lack of jurisdiction over the person and failure to join an indispensable party, or, in the alternative, to transfer the action to the District of Minnesota pursuant to 28 U.S.C. § 1404(a) and § 1406(a).

The subject of the declaratory judgment action is a Stock Subscription and Transfer Restriction Agreement ("Stock Subscription Agreement") between Teleprompter, Polinsky, and Northeast Minnesota Cable TV, Inc. ("Northeast Cable"), a Minnesota corporation and subsidiary of Teleprompter. Pursuant to the Stock Subscription Agreement, Polinsky was issued twenty (20) shares of common stock of Northeast Cable, the remaining eighty (80) shares of which are owned by Teleprompter. Teleprompter also agreed to purchase Polinsky's shares according to terms set out in the Stock Subscription Agreement. Subsequent to the execution of the Agreement, Polinsky assigned his stock interest in Northeast Cable to Northwestern Bank as security for loans in the principal amount of $200,000 and assigned the same stock interest (which he claims to be worth at least $500,000) and his interest in the Stock Subscription Agreement to First National Bank as security for loans in the principal amount of $225,000. Polinsky has failed to pay these two loans and both Northwestern Bank and First National Bank have demanded payment. Polinsky sought to exercise his right to cause Teleprompter to purchase his twenty shares, claiming entitlement to a minimum purchase price of $500,000 under the Agreement. A dispute ensued among the parties to this action over the purchase price as well as other terms of the Agreement, and Teleprompter now seeks a declaration of its rights and obligations thereunder.

Subsequent to the filing of this action, defendants Polinsky, First National Bank and Northwestern Bank, as plaintiffs, commenced an action against Teleprompter in the United States District Court for the District of Minnesota, asserting—in addition to a count seeking declaratory judgment—claims based on breach of contract, federal securities laws, state securities laws, and breach of fiduciary duty arising out of the Stock Subscription Agreement.

### Defendants' Motion to Transfer

██ Where, as here, defendants have challenged a court's power over their per-

sons and, at the same time, have moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue. Such is the implicit instruction of *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), in which the Supreme Court ruled that a court might order transfer, if pertinent considerations so dictated, even in the absence of personal jurisdiction over the defendants before it. Thus, if the transfer presently proposed is warranted, there is no cause to reach the jurisdictional issue concurrently raised.[1]

Defendants seek transfer of this action to the District of Minnesota pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a). Section 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Defendants assert that venue in the Southern District of New York is improper as to First National Bank because, under 12 U.S.C. § 94, a national bank may be sued only in the district in which it is established.[2] Plaintiff does not dispute that First National Bank is a national bank established in Duluth, Minnesota, and concedes that First National Bank may not be compelled to defend this action in New York over its objection.[3] Plaintiff acknowledges that the court must dismiss or transfer the case as to First National Bank for lack of proper venue,[4] but urges the court to retain the action with respect to those defendants who are properly sued here. Defendants ask that the entire case be transferred, thus allowing consolidation with the pending litigation in Minnesota, and a single trial of all issues with all parties present.

Defendants contend that such transfer may be effected under either § 1406(a) or § 1404(a). It is suggested that although § 1406(a) does not explicitly authorize the transfer of a case as to all defendants in which venue is improperly laid as to only one, it speaks of transfer of "such case," indicating the whole case, and defendants point out that complete transfer has been ordered under § 1406(a) where the transferee district appeared to be the only district "able to deal with the case as a whole." *Tiernan v. Westext Transport, Inc.,* 243 F.Supp. 566, 567 (S.D.N.Y.1965). Alternatively, defendants assert that transfer of the case is warranted under § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district

---

1. Although *Goldlawr* involved transfer under § 1406(a), subsequent decisions have extended the rationale of that case to § 1404(a), permitting transfer where venue is proper, but where the court may lack personal jurisdiction over the defendant. *United States v. Berkowitz,* 328 F.2d 358 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295 (5th Cir. 1963); *Sales Arm, Inc. v. Automobile Club of Southern California,* 402 F.Supp. 763 (S.D.N.Y. 1975); *Rosen v. Sohn,* 289 F.Supp. 958 (S.D.N.Y.1968).

2. 12 U.S.C. § 94 provides:
"Venue of Suits. Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."
The Supreme Court has held that this grant of venue is mandatory and exclusive and that a national bank is not subject to suit against its will in any other district. *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 560, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). See also *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976).

3. It is also uncontested that Minnesota is a district in which the case "could have been brought," since jurisdiction is based solely on diversity and Minnesota is the residence of all defendants. See 28 U.S.C. § 1391(a).

4. Defendants claim that this failure of venue with respect to First National Bank requires dismissal of the entire action because First National Bank is an indispensable party to this suit. F.R.Civ.P. 19(b). Since this Court finds that the interests of justice require transfer of the entire case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a), it is unnecessary to rule on defendants' motion to dismiss pursuant to Rule 12(b)(7), F.R.Civ.P.

court may transfer any civil action to any other district or division where it might have been brought."

■ Without deciding its authority under § 1406(a), this court finds that the convenience of the parties and witnesses and the interest of justice are best served by transfer of the entire action to Minnesota pursuant to § 1404(a).

Retention of this case in New York without the First National Bank would needlessly fragment litigation of the rights and obligations of the various interested parties. First National Bank could not be bound by a judgment in an action to which it was neither a party nor a privy,[5] and thus would remain free to litigate the same issues presented here in the pending action in Minnesota.

There is a strong policy favoring litigation of related claims in the same tribunal, *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Schneider v. Sears*, 265 F.Supp. 257, 266–67 (S.D.N.Y.1967), and it has been held that "unless there are compelling reasons otherwise, there is no justification for separate trials in separate districts." *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.*, 344 F.Supp. 1267, 1271 (S.D.N.Y.1972). The pendency of related claims has been a persuasive factor in ordering the transfer of cases under § 1404(a). See, *e. g., Duplan Corp. v. Deering Milliken, Inc.*, 324 F.Supp. 102, 103 (S.D.N.Y.1970); *Henry I. Siegel Co. v. Koratron Company*, 311 F.Supp. 697, 700–01 (S.D.N.Y.1970); *Schlusselberg v. Werly*, 274 F.Supp. 758, 764 (S.D.N.Y.1967); *Schneider v. Sears, supra*, at 266–67. And in deciding upon the appropriate tribunal for consolidation, courts have considered the ability to join a party in the proposed transferee forum that would not be subject to suit in the transferor district. See, *e. g., Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975); *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc., supra*, at 1270–1271; *Unico Industrial Corp. v. S. S. Andros City*, 323 F.Supp. 896, 897 (S.D.N.Y.1971); *Pierce v. Rederi A/B Transatlantic*, 191 F.Supp. 220 (S.D.N.Y. 1960). Because First National Bank has asserted its venue privilege under the National Banking Act, it can be made a party to this case only in Minnesota. Thus only in the District of Minnesota can all the issues arising out of the Stock Subscription Agreement be finally and conclusively determined without multiple trials, multiple appearances for witnesses and parties and the risk of inconsistent judgments.

Teleprompter contends, however, that its choice of forum is entitled to substantial consideration, and that defendants have failed to meet their burden under § 1404(a) to make a clear showing that the proposed transferee district is a more convenient one. See *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); *Schneider v. Sears, supra*, at 257; *Oil & Gas Ventures-First 1958 Fund, Ltd. v. Kung*, 250 F.Supp. 744, 755 (S.D.N.Y.1966); *Peyser v. General Motors Corp.*, 158 F.Supp. 526, 529 (S.D.N.Y.1958). The Court agrees that defendants' showing with respect to considerations of convenience to witnesses and access to proof might not, by itself, justify transfer of this case. As plaintiff points out, none of the expected non-party witnesses named by Polinsky resides in Minnesota, and all of them will be required to travel some distance to the place of trial regardless of its location. The defendant banks assert that

---

5. Although privity of estate may arise between assignor and assignee, a successor is bound by a judgment adverse to his predecessor only if the transfer of interest occurred after commencement of the suit in which the judgment was rendered. 1B Moore's Federal Practice ¶ 0.411[1] at 1256–57. Since Polinsky assigned his stock interest and rights under the Stock Subscription Agreement prior to commencement of this litigation, the assignee banks would not be privy to a judgment entered by this Court and therefore not bound by it. However, if on some theory not readily apparent to the Court or suggested by the parties here, First National Bank would be bound by the judgment of this Court, the prejudice suffered thereby would also argue for transfer of the case to Minnesota, where First National Bank could defend its interest.

testimony will be required from at least five employees—all residents of Minnesota—but these witnesses are not identified by name, and defendants have failed to provide a summary of their expected testimony to enable the Court to gauge its relevance. See *Peyser v. General Motors Corp., supra,* at 529–30. With respect to the consideration of access to proof, Teleprompter vigorously disputes defendants' claims regarding the location of documentary evidence and the need for a "view" of cable facilities in Minnesota. On the other hand, the convenience of the parties weighs more heavily in defendants' favor. None of the defendants resides or regularly conducts business in New York. By contrast, Teleprompter is licensed to conduct business in Minnesota and maintains an office there.

Were this Court called upon to choose between two forums equally capable of rendering judgment as to all issues and parties, the balance of convenience on defendants' present showing might not favor Minnesota. However, in view of the possibility of multiple litigation posed by plaintiff's inability to compel First National Bank to submit to suit in New York, the Court must look to the overall convenience of witnesses and parties, which will undoubtedly be best served by a single trial. See *Dutchen v. Ecological Science Corp.,* 54 F.R.D. 493, 496 (S.D.N.Y.1971). As the Supreme Court noted in *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960):

> "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers." At 26, 80 S.Ct. at 1474.

For the foregoing reasons, the Court finds that transfer of this case to the District of Minnesota will best serve the convenience of the parties and witnesses and the interest of justice. Defendants' motion to transfer is therefore granted.

SO ORDERED.