**CAT AIRCRAFT LEASING, INC., Plaintiff**

v.

**THE CESSNA AIRCRAFT COMPANY, et al., Defendants**

Civil No. 1986/172

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 11, 1986

Kevin F. D'Amour, Esq. (De Vos & Co.), St. Thomas, V.I., *for plaintiff*

Stuart A. Liner, Esq. (Law Offices of James L. Hymes, III), St. Thomas, V.I., *for defendant Cessna International Finance Corporation*

Vincent A. Colianni, Esq. (Isherwood, Hunter & Colianni), St. Croix, V.I., *for defendant Pratt and Whitney Aircraft of Canada, Ltd.*

## MEMORANDUM OPINION AND ORDER

In this motion, we are asked to enforce a forum selection clause or in the alternative to dismiss for improper venue, lack of personal jurisdiction and insufficiency of service of process. We will enforce the parties' agreement and transfer this entire matter to the District of Kansas.

### I. FACTS

CAT Aircraft Leasing, Inc. ("CAT") entered into a purchase agreement ("agreement") with Cessna Aircraft Company ("Cessna") for the acquisition of one Cessna Model Citation S/II Unit 0047 Aircraft ("aircraft"). The purchase price was $3,181,950.00. Financing was arranged through Cessna's subsidiary, Cessna International Finance Corporation ("Cifa"), with Citco Group Ltd. ("Citco"), an affiliate of CAT, acting as a guarantor.

The agreement included a jurisdictional clause ("clause") which Cessna alleges gives them the right to elect the forum of any litigation arising from the agreement.[1] See, Exhibit B, complaint.

---

[1] The clause states:

> Buyer and Seller hereby specifically agree that in recognition of the mobility of the aircraft and diverse geographical locations of the Buyer, Seller and guarantor hereof it is further agreed that this Contract shall be governed and controlled as to the validity, enforcement, interpretation, construction, and effect and in all other aspects by the statutes, laws, and decisions of the state of Kansas. For any legal action or proceeding with respect to this Contract, the Buyer expressly submits itself to any Federal District Court of the United States of America or to the courts of the domicile of the Buyer at the election of the Seller, wherefore Buyer expressly waives any other jurisdiction to which it might have a right, including but not limited to, jurisdiction by reason of Buyer's present or future domiciles or by reason of place of payment of this Contract and Buyer hereby agrees to accept notice of suit by United States Postal Service Certified or Registered Mail, postage prepaid, at the address set forth above.

444

CAT brought this action against Cessna, Cifa and Pratt & Whitney Canada, Inc. ("Pratt & Whitney"), the manufacturer of the engines installed on the aircraft, upon revocation of its acceptance of the aircraft. Cessna and Cifa now ask us to enforce the clause, by transferring this action to the District of Kansas.

CAT does not challenge the existence of the clause, and it is in no position to oppose its enforcement by this Court. See, General Engineering Corporation v. Martin Marietta Alumina, Inc., 783 F.2d 352, 357 (3d Cir. 1986). CAT also does not contest the clause on the ground that it was procured by fraud, or overreaching conduct on the part of Cessna; nor do they challenge its enforcement under Kansas law. Therefore, we need not discuss these issues. See, Coastal Steel Corporation v. Tilghman Wheelabrator-Frye, Inc., 709 F.2d 190, 202 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983).

Rather, CAT argues that under their interpretation of the clause, it is applicable only to actions brought by Cessna. It also asserts that the clause is susceptible to two different meanings, and therefore, it ought to be construed against the drafter, Cessna, or in the alternative held void. Furthermore, it argues that enforcement would be unreasonable, and should be denied. We find these arguments without merit.

## II. DISCUSSION

A. *Interpretation*

██ CAT and Cessna agreed that Kansas law governs the interpretation and enforcement of this contract. See note 1, supra. Kansas law requires that a contract be enforced according to its terms, if it is not ambiguous. Qwenzer v. Qwenzer, 225 Kan. 83, 587 P.2d 880, 882 (Kan. 1978). Language is ambiguous only when words used to express meaning and the intention of the parties are insufficient in that the contract may be understood to reach two or more possible meanings. Havens v. Safeway Stores, 235 Kan. 226, 678 P.2d 625, 630 (Kan. 1984).

██ The clause at issue here is not susceptible to two or more meanings. The phrase, . . . at the election of the Seller . . . is not modified by words which limit that right to when the seller is the plaintiff. We are not free to read ambiguity into clear language in order to give substance to CAT's interpretation. Stanfield v. Osborne Industries, Inc., 232 Kan. 197, 654 P.2d 917, 998 (Kan. 1982) (citing, Steel v. Eagle, 207 Kan. 146, 483 P.2d 1063 (Kan.

1971)). Kansas law binds us to enforce a contract free from ambiguity according to its terms without resort to oral testimony. See, Desbien v. Penokee Farmers Union Coop. Association, 220 Kan. 358, 552 P.2d 917, 922 (Kan. 1976). Thus, we have no occasion to apply rules of construction.

## B. *Unreasonableness of Enforcement*

CAT does not argue that enforcement is unreasonable under these circumstances. Indeed, such a position would be a difficult one to maintain in light of the Third Circuit's decision in Coastal Steel, supra at 202-203.

Rather, CAT artfully contends that enforcement would be unreasonable in any action which might arise from a plane crash in the Virgin Islands involving the aircraft and which involved numerous claimants. We are thankful we do not face that issue today, but we note that the only issue we would necessarily have to decide is whether enforcement of the clause is unreasonable under these circumstances. CAT's position here does not require us to do so.

We will, therefore, enforce the agreement as written and uphold Cessna's bargained for right to choose the appropriate forum for this litigation.

## C. *Transferability*

■ 28 U.S.C. § 1406(a) is a curative statute which provides the mechanism by which a federal court may transfer an action to another district when venue is wrong.[2] Actions brought in a forum other than that designated by a forum selection clause are brought in improper forums, and may be transferred pursuant to § 1406(a).[3]

---

[2] Section 1406(a) provides that:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[3] It is arguable that § 1406(a) is not applicable to this Court because the statutory language of Title 28 does not refer to the District Court of the Virgin Islands. 28 U.S.C. § 1406(a); § 1404(a); § 1391(d); and 28 U.S.C. § 81 et seq.; see also, Hendricks v. Alcoa Steamship, Inc., 206 F. Supp. 693 (E.D. Pa. 1962). However, recent decisions have held differently. See, Dickson v. Hertz Corporation, 559 F. Supp. 1169, 1177 n.5 (D.V.I. 1983). See also, Exporters Refinance Corp., Ltd. v. Marden, 356 F. Supp. 859 (S.D. Fla. 1973); 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, 5th ed. § 3845 at 340 n.1.

446

See e.g., D'Antuono v. C.C.H. Computax Systems, Inc., 570 F. Supp. 708, 712-13 (D.R.I. 1983).

■ Where venue is improper, § 1406(a) authorizes transfer if it is in the interest of justice to a district or division in which the action could have been brought. Horne v. Adolph Coors Company, 684 F.2d 255, 260 (3d Cir. 1982).

1) *Interest of Justice*

■ Absent transfer to the District of Kansas, we would be required to dismiss this action without prejudice. See e.g., Coastal Steel, supra at 204; General Engineering, supra at 360. Transfer is generally more in the interest of justice than dismissal. See, Nation v. United States Government, 512 F. Supp. 121, 126 (S.D. Ohio 1981).

In addition, litigation in Kansas would be as convenient for the witnesses, as litigation in this Court. Cessna's witnesses reside in Kansas or elsewhere in the U.S. mainland. The mechanical problems of the aircraft occurred outside the U.S. Virgin Islands so presumably witnesses as to those aspects of the trial reside outside this jurisdiction. Pratt & Whitney's witnesses reside in Canada. Finally, even CAT's main witnesses reside outside this Court's jurisdiction. See affidavits of Joseph Caminada, Peter Bliss. Thus, travel is a primary consideration in either locale.

■ Moreover, it is in the interests of justice to enforce bargains freely entered into by parties. See e.g., The Bremen v. Zapata Off-Shore Company, 407 U.S. 1 (1972). Here, CAT expressly agreed to litigate in whichever forum was more convenient to Cessna.

■ Finally, any questions of this Court's personal jurisdiction over Cessna are resolved by transfer to Kansas where Cessna has its principal place of business. We need not find that we have personal jurisdiction over Cessna in order to transfer this case. See e.g., Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544-45 (3d Cir. 1985).

Further evidence of the applicability of § 1406(a) in this Court is the recent congressional amendment to the Revised Organic Act of the Virgin Islands, vesting all the jurisdiction of a District Court of the United States, including, but not limited to diversity jurisdiction in this Court. See, 48 U.S.C. § 1612(a) (1984). Dismissal in such a case as this would be contrary to the general curative powers of a federal district court.

## 2) *Litigation in Kansas*

■ The District of Kansas will have personal jurisdiction over Cessna since Cessna is located in Wichita, Kansas. Diversity jurisdiction will be present, and venue will be proper under 28 U.S.C. § 1391(a) or (b). Therefore, Kansas is a forum where this litigation could have been originally brought.

Since we find that it is in the interest of justice to transfer this action to the District of Kansas where the action could have been brought, we need not reach the other defenses raised by the defendants.

## D. *Pratt & Whitney*

Pratt & Whitney asks us to dismiss CAT claims against them because of improper venue.[4] We will treat this motion as a motion to transfer. See, Wright, Miller & Cooper, supra § 3827 at 268.

■ A district court has authority to transfer an entire case rather than to split actions against multiple defendants. See e.g.; Teleprompter Corporation v. Polinsky, 447 F. Supp. 53, 55-56 (S.D.N.Y. 1977). That court underscored the needless fragmentation of litigation without transfer. Id. It commented that:

> . . . There is a strong policy favoring litigation of related claims in the same tribunal . . . , and it has been held that unless there are compelling reasons otherwise, there is no jurisdiction for separate trials in separate districts . . . .

Id. at 56 (citations omitted).

We find that reasoning persuasive in this matter, and we will transfer CAT claims against Pratt & Whitney to the District of Kansas pursuant to § 1404(a).[5]

---

[4] Pratt & Whitney also raises the defenses of lack of personal jurisdiction, insufficiency of service of process, and as to count IV of the complaint, failure to state a claim. Because we will transfer this action to the District of Kansas we need not reach these other defenses.

[5] Section 1404a provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or any other district or division where it might have been brought.

> Section 1404a is intended to apply when venue in the transferring forum is proper. However, it has been held to be broad enough to allow transfer against multiple defendants without resolving the question whether venue was originally proper. See e.g., Teleprompter, supra, at 55-56.

### 1) *Convenience of Parties and Witnesses*

It is in CAT's interest to litigate this entire matter in one location and in one trial. Its claims against the defendants are interrelated. Two suits would be unduly expensive and time consuming.

Any witnesses required to establish or defend the liability of both Cessna and Pratt & Whitney would be inconvenienced if this litigation would be severed. The convenience of such witnesses is a primary concern in these matters. See e.g., Teleprompter, supra at 57.

### 2) *Interest of Justice*

Two trials in this matter would be a waste of judicial resources since liability as to both defendants can be easily decided at one hearing. It is in the interest of justice to conserve judicial resources where possible. See, e.g.; Teleprompter, supra, at 56 (citations omitted).

In addition any doubts concerning this Court's jurisdiction over Pratt & Whitney are resolved by a transfer to Kansas. The statutory transfer provisions were intended to cure procedural defects such as these. See, Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); see also, United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964), cert. denied, 379 U.S. 821 (1964).

### 3) *Litigation in Kansas*

Venue is proper in Kansas because as an alien Pratt & Whitney may be sued in any district which its codefendants Cessna and Cifa, as citizens, may be sued. See e.g., Mowrey v. Johnson & Johnson, 524 F. Supp. 771, 773 (W.D. Pa. 1981). As previously noted diversity jurisdiction will also exist in Kansas.

Finally, the District of Kansas will have personal jurisdiction over Pratt & Whitney, and Pratt & Whitney will be within reach of its process. The Kansas long arm statute allows jurisdiction over a defendant who transacted business within the state, or one who enters a contract with a resident of the state. See, K.S.A. § 60-308b(1), (5). By contracting with Cessna to provide the engines for the aircraft, Pratt & Whitney falls within that statute's provisions. See, e.g., Davis v. Grace, 4 Kan. App. 2d 704, 610 P.2d 1140 (Kan. App. 1980).

Therefore, Kansas is a place this action could have orginally been brought.

## III. CONCLUSION

■ For the foregoing reasons we will enforce Cessna's right to have this litigation proceed in the District of Kansas and we will transfer the entire matter to that court pursuant to 28 U.S.C. §§ 1406(a), 1404(a).

## ORDER

THIS MATTER is before the Court on motion of the defendants to transfer. The Court having entered its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the defendants' Cessna and Cifa motion to transfer this action to the District of Kansas is, hereby and the same, GRANTED.

It is further ORDERED:

THAT CAT's action against defendant Pratt & Whitney is transferred to the District of Kansas.