**Shashi VAID, as next best friend of Ranbir Singh Vaid, Petitioner,**

v.

**Jesse JAMES, Warden of the Federal Correctional Institute at Otisville, New York, Respondent.**

No. 88 Civ. 4975.

United States District Court, S.D. New York.

Aug. 15, 1988.

Buchwald & Kaufman, New York City, for petitioner; James M. Keneally, of counsel.

Samuel A. Alito, Jr., U.S. Atty., D.N.J., Newark, N.J., for respondent; Stuart Rabner, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

This petition for a writ of habeas corpus brought by Shashi Vaid, the wife of medical doctor Ranbir Singh Vaid, currently imprisoned in the Federal Correctional Institute in Otisville, New York, questions whether Vaid is extraditable to face charges that he defrauded the National Health Service of the United Kingdom of in excess of 100,000 English pounds. A warrant for Vaid's arrest was issued pursuant to 18 U.S.C. § 3184 by United States Magistrate G. Donald Haneke of the United States Court for the District of New Jersey on August 4, 1987 upon the complaint of the United States Attorney for that district seeking extradition of Dr. Vaid under the extradition treaty between the United States and the United Kingdom. On November 12, 1987, an extradition hearing pursuant to 18 U.S.C. § 3184 was held before Magistrate Haneke and on June 28, 1988, the Magistrate found that Dr. Vaid was extraditable.

Petitioner seeks review of the determination of extraditability. Vaid specifically challenges the findings of the Magistrate (1) that the crimes charged against Dr. Vaid in the United Kingdom are among those listed in the extradition treaty, and (2) that there is probable cause to believe that the crimes charged were committed by Dr. Vaid. I find both that the crimes charged meet the test of "dual criminality" and are thus among those listed in the extradition treaty, and that there is probable cause to believe that Dr. Vaid committed the crimes charged.

█ The Magistrate concluded that subject to certain statute of limitations restrictions the crimes charged against Vaid in the United Kingdom under Section 15(1) of its Theft Act of 1968 meet the "dual crimi-

nality" test and thus are crimes for which Vaid can be extradited pursuant to Article III of the extradition treaty between the United Kingdom and the United States. Vaid attacks this finding, claiming that the offenses charged under the Theft Act are not felonies punishable by imprisonment for more than one year under the laws of the United States, as is required under the treaty.[1] He contends that the statute in the United States which is the proper analogue to Section 15(1) is Title 18 United States Code, Section 641, entitled "Embezzlement and Theft of Public money, property or records," and that since under § 641 there is a cutoff for theft of goods valued at less than $100 restricting punishment for such thefts to up to one year imprisonment, he may not be extradited on Counts Three through Fifteen because each of those counts charges him with a theft of the equivalent of less than $100. Vaid also contends that Counts One and Two of the indictment improperly aggregate these alleged thefts, see United States v. DiGilio, 538 F.2d 972 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749, and that once disaggregated, they individually cannot be the basis for an order of extradition under the treaty since each was for less than the equivalent of $100.

The government contends however that the comparable section is instead Title 18 United States Code, Section 287, entitled "False, fictitious or fraudulent claims," which does not contain a cutoff amount, and which is in all instances a felony weight charge punishable by up to five years. I conclude that this statutory analogy is the correct one. In the United States medicare fraud such as that with which Vaid is charged is typically charged under 18 U.S.C. § 287, and not under § 641. See e.g. United States v. Alexander, 748 F.2d 185 (4th Cir.1984); United States v. Gold,

743 F.2d 800 (11th Cir.1984); United States v. Precision Medical Laboratories, Inc., 593 F.2d 434 (2d Cir.1978). Therefore, although the charges against Vaid theoretically could be analogized to charges under 18 U.S.C. § 641, such characterization is neither customary nor required, and does not undermine the analogy to 18 U.S.C. § 287 which clearly allows extradition on all fifteen charges, subject to the statute of limitations restriction recognized by the Magistrate. Vaid's challenge to the "dual criminality" finding of Magistrate Haneke thus fails.

The Magistrate's finding that probable cause exists to believe Vaid committed the crimes charged was based on the record before him established by law enforcement officers both in the United States and in the United Kingdom. See Exhibit A to the opinion of Magistrate Haneke, Affidavit of Blair Deem. I have reviewed that record in light of petitioner's challenge and find that probable cause has been demonstrated sufficiently.

The petition for the writ of habeas corpus accordingly is dismissed, the order staying execution of the Magistrate's Certificate of Extraditability and Order of Commitment is vacated, and the extradition may proceed.

So ordered.

1. The Extradition Treaty between the Government of the United States and the Government of the United Kingdom of Great Britain and Northern Ireland, 28 U.S.T. 227, TIAS 8468, Article III(1) allows that extradition to the United Kingdom shall be granted if

(a) the offense is punishable under the laws of both parties by imprisonment or other form of detention for more than one year or by the death penalty; and ...
(c) the offense constitutes a felony under the law of the United States of America.