**Ranjit Singh GILL and Sukhminder Singh Sandhu, Petitioners,**

v.

**Romolo J. IMUNDI, United States Marshal for the Southern District of New York, Defendant.**

**No. 88 Civ. 1530 (RWS).**

United States District Court, S.D. New York.

June 29, 1989.

Ronald L. Kuby, William M. Kunstler, Somerstein & Pike, New York City (Mary Boresz Pike, of counsel), for petitioners.

Benito Romano, U.S. Atty., S.D.N.Y., New York City (Noel Anne Ferris, Sp. Asst. U.S. Atty., of counsel), for defendant.

## OPINION

SWEET, District Judge.

Romolo J. Imundi ("Imundi"), United States Marshal for the Southern District of New York, has moved pursuant to 28 U.S. C. § 1404(a) to transfer this proceeding, in which Ranjit Singh Gill ("Gill") and Sukhminder Singh Sandhu ("Sandhu") have petitioned for a writ of habeas corpus, to the United States District Court for the District of New Jersey. For the reasons set forth below, the Government's motion is denied.

### Facts

Petitioners Gill and Sandhu are natives and citizens of India. The Government of India has sought extradition of both petitioners for crimes they stand accused of committing in that country: Gill, for murder, attempted murder and murder in the furtherance of a common intention in connection with the killing of Lalit Maken, a member of the Indian Parliament, his wife, and a constituent who was waiting to see Maken on July 31, 1985 at New Delhi, and Sandhu for murder, attempted murder, murder in furtherance of a common intention, armed bank robbery and conspiracy to commit bank robbery.

Pursuant to the extradition treaty in force between the United States and India, the Government of India requested petitioners' provisional arrest after receiving information that they had fled to the United States. Warrants were issued pursuant to the authority of 18 U.S.C. § 3184, and on May 14, 1987, petitioners were arrested in Matawan, New Jersey.

### The Extradition Proceedings

On May 15, 1987, petitioners appeared before the Honorable Ronald J. Hedges, United States Magistrate in Newark, who remanded them to the custody of the United States Marshal for the District of New Jersey pending the hearing required by 18 U.S.C. § 3184.

The extradition hearing was held before Magistrate Hedges in Newark during the first week of February, 1988. After receiving and considering the evidence, the magistrate found both petitioners extraditable and ordered that they be committed to the custody of the United States Marshal for the District of New Jersey pending a decision by the Secretary of State to surrender them to the Government of India. The Marshal for the District of New Jersey lodged the petitioners at the closest federal detention facility, the Metropolitan Correctional Center ("MCC") in Manhattan.[1]

On March 7, 1988, following entry of the certifications of extraditability and orders of commitment, petitioners' habeas proceeding attacking the decisions of Magistrate Hedges was filed in the United States District Court for the Southern District of New York. In their petitions, Gill and Sandhu sought to have this court review Magistrate Hedges' decisions regarding scheduling of the extradition proceedings, security measures attendant to the probable cause hearing, and the denial of petitioners' discovery requests.

Thereafter, the extradition proceedings were reopened by Magistrate Hedges following receipt of a letter dated March 17, 1988, from the United States Attorney for the District of New Jersey, in which the government requested that Magistrate Hedges schedule a conference for the purpose of correcting and supplementing the record of the extradition proceeding as a result of information that had surfaced from an investigation by the Department of Justice and the Federal Bureau of Investigation. On March 28, 1988, the government filed a motion to vacate the extradition orders and to schedule a new hearing because of the apparent misconduct of the Assistant United States Attorney who had appeared for the government at the February hearing. Following discovery motions and after submissions from both counsel

---

1. New Jersey has no federal facilities for holding pretrial detainees. Therefore, federal pretrial detainees facing proceedings in the District of New Jersey are regularly committed to the MCC in Manhattan.

for petitioners and the government, the magistrate denied the government's motion and directed that the certifications of extraditability be forwarded to the Secretary of State.

During the pendency of the motion to vacate before the extradition magistrate in New Jersey, all parties agreed that this proceeding would be stayed. Following entry of Magistrate Hedges' order of November 7, 1988, petitioners served an amended petition for a writ of habeas corpus on February 6, 1989. In the supplemental petition, petitioners focus on their continuing discovery dispute with the extradition magistrate and attack his findings that the conduct of the extradition proceedings were consonant with the requirements of due process and that rehearing of the entire proceedings was not warranted.

## 28 U.S.C. § 2241

█ Title 28 U.S.C. § 2241(a) provides in part that "[w]rits of habeas corpus may be granted by … the district courts … *within their respective jurisdictions.*" (Emphasis added). The writ acts upon the custodian who is holding the petitioner in the allegedly unlawful custody. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973); *Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2d Cir.1976). Therefore, in order to entertain a habeas corpus action, a court must have personal jurisdiction over the custodian. *See Braden; Billiteri.* Because petitioners are incarcerated in MCC in Manhattan, this court has jurisdiction over their immediate custodian, the warden of MCC, and thus over this action.[2]

### Jurisdiction in New Jersey

In order to transfer a case to another jurisdiction, the party seeking transfer must prove that the action is one which could have been brought in the transferee district. *See Nat'l Fire Ins. Co. v. Landry,* 677 F.Supp. 704, 708 (S.D.N.Y.1987). Thus, the government must show that New Jersey has jurisdiction over this action be-

fore its motion to transfer venue can be considered. In support of its argument that although petitioners are incarcerated in New York City, they are in the ultimate custody of the United States Marshal for the District of New Jersey, who has simply lodged them at the nearest detention facility, the government has submitted the uncontradicted affidavit of Ronald H. Arp, Deputy United States Marshal for the District of New Jersey, who explains: "[p]ursuant to the usual practice of the United States Marshals Service and the Bureau of Prisons, pretrial detainees committed to the Metropolitan Correctional Center by the United States Marshal for the District of New Jersey are considered in the custody of the United States Marshal for the District of New Jersey."

Before the decision of the Supreme Court in *Braden,* habeas corpus jurisdiction was held to exist only in the district where the petitioner was incarcerated. *See, e.g., Ahrens v. Clark,* 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). However, in *Braden,* the Supreme Court held that jurisdiction over the custodian of the prisoner was crucial, "regardless of the place where the prisoner is incarcerated." *Sherman v. Hirshman,* 427 F.Supp. 12, 15 (D.N.J.1976) (citing *Braden* ). Thus, because petitioners are being held pursuant to the order of the United States Marshal for the District of New Jersey, the United States Marshal for the District of New Jersey is the ultimate custodian of petitioners, and New Jersey has jurisdiction over this matter. *Cf. Sherman v. Hirshman,* 427 F.Supp. at 15–16 (because petitioner was held in custody on the New Jersey probation office's violation warrant, the true custodians of petitioner were the New Jersey probation officials, and thus New Jersey had jurisdiction to determine a habeas corpus action, notwithstanding the fact that petitioner was incarcerated in Connecticut).

### Motion to Transfer Venue

Title 28 U.S.C. § 1404 permits a change of venue "for the convenience of parties and witnesses, in the interest of justice."

---

**2.** Although petitioners name Imundi as their custodian, they should have named the warden of MCC. As the government has noted, this is easily remedied.

The burden of establishing that there should be a change of forum under § 1404 is on the respondent-movant. *See Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Troyer v. Karcagi,* 488 F.Supp. 1200 (S.D. N.Y.1980). It is well-established that this burden is heavy, for a petitioner's choice of forum is accorded considerable weight, and "unless the balance is strongly in favor of the [respondent], the [petitioner's] choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Thus, " '[a]bsent a clear and convincing showing' that the balance of convenience strongly favors the alternate forum, discretionary transfers are not favored. Where the balance of convenience is in equipoise, [petitioner's] choice of forum should not be disturbed." *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y. 1983) (citations omitted). *See also Noreiga v. Lever Bros. Co.,* 671 F.Supp. 991, 996 (S.D.N.Y.1987).

*Balancing of Hardships and Interests*

■ The government urges transfer of this action on the grounds that none of the relevant acts occurred in New York, and thus the "interests of justice" favor transfer, *see Credit Alliance Corp. v. Nationwide Mutual Insurance Co.,* 433 F.Supp. 688, 689 (S.D.N.Y.1977); *FlintKote Co. v. Allis–Chalmers Corp.,* 73 F.R.D. 463, 465–66 (S.D.N.Y.1977), and on the grounds that litigation of related claims should be handled in the same tribunal. *See Teleprompter Corp. v. Polinsky,* 447 F.Supp. 53 (S.D.N.Y.1977). The government also urges transfer on the grounds that because the petition requires determination of whether a New Jersey court committed errors of law, denial of this motion and determination of the habeas petition by this court would promote judicial inefficiency and create the potential for inconsistent rulings.

The acts relevant to Gill's and Sandhu's petition occurred in New Jersey, not in New York. Moreover, it is purely fortuitous that petitioners are being housed in New York rather than across the river in New Jersey. These factors support the government's motion to transfer. However, given the proximity of this courthouse to that in Newark—they are twelve miles apart—it is no more convenient to have this action addressed in New Jersey,[3] and may even be *less* convenient, given the difficulties inherent in transporting petitioners to New Jersey in the event of a hearing, as compared to the fact that MCC is contiguous to this courthouse and is connected by a corridor, rendering elaborate security precautions unnecessary.[4]

As for the government's contention that the action should be transferred because the federal court in New Jersey is already familiar with the issues, the only issue presented to the New Jersey federal court on the petition filed in New Jersey by petitioners on August 13, 1987 was whether petitioners were entitled to an adjournment of the extradition hearing, then scheduled for August 24, 1987. That question was filed and decided well before the issues presented to this court arose. A New Jersey judge also considered, briefly, the issue of security measures to be taken with regard to petitioners. Thus, there is little

---

3. Courts have noted that minimal inconvenience is caused by having an action heard in New Jersey rather than New York, or in New York instead of New Jersey. *See, e.g., Cross & Cross Properties v. Everett Allied Co.,* 664 F.Supp. 713, 717 (S.D.N.Y.1987); *Moyglare Stud Farm, Ltd. v. Due Process Stable, Inc.,* 562 F.Supp. 289, 292 (S.D.N.Y.1983).

4. When required to appear in the New Jersey court, petitioners have been brought in shackles and handcuffs to a convoy of vehicles waiting outside the MCC, then transported to New Jersey. When court hearings have lasted for more than one day, they have not been returned to the MCC but have been confined in a makeshift cell, sequestered in a bare room, with two cots and a light bulb constantly burning. Their movements are monitored by armed U.S. marshals.

It is not likely, however, that the physical presence of petitioners would be necessary for the adjudication of this proceeding, particularly given the limited scope of review available to an extradition order. *See Shapiro v. Ferrandina,* 355 F.Supp. 563, 567 (S.D.N.Y.1973); *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 69 L.Ed. 970 (1925).

risk that this court would be "duplicating work already accomplished by the [New Jersey] Court." *Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902 (S.D.N.Y. 1983). Moreover, unlike *Teleprompter Corp. v. Polinsky*, 447 F.Supp. 53 (S.D.N.Y.1977), determination of this case in New York will not require separate trials in New Jersey and New York.

Therefore, on balance, the government has failed to meet its burden of establishing the need for a change of forum. There is minimal, if any, inconvenience caused by retaining the action in this district. The fact that all events relevant to the petition occurred in New Jersey lends some support to the government's motion, but is insufficient, particularly in the absence of any hardship to the government, to justify ignoring petitioners' choice of forum, which will be respected. *See, e.g., Noreiga v. Lever Bros. Co.*, 671 F.Supp. at 997 (even where the operative facts did not take place in the forum state, a plaintiff's choice of forum is given substantial deference).

Finally, it is not unprecedented for a magistrate's § 3184 determination to be made in one district while a petition for a writ of habeas corpus is heard in another. *See Vaid v. James*, 691 F.Supp. 805 (S.D.N.Y.1988) (extradition of petitioner was authorized by a New Jersey magistrate; habeas corpus petition was filed in the Southern District of New York because petitioner was incarcerated at FCI–Otisville).

*Conclusion*

For the reasons set forth above, the government's motion for a change of venue is denied. The government is hereby ordered to answer the petition within twenty (20) days.

It is so ordered.