**James Randolph BOWE, Plaintiff,**

v.

**SMC ELECTRICAL PRODUCTS, INC., formerly known as Service Machine Co., Defendant.**

**Civil Action No. 95–K–1439.**

United States District Court, District of Colorado.

Feb. 27, 1996.

J. Keith Killian, James P. Guthro, Grand Junction, CO, for Plaintiff.

Karen H. Miller, Joseph P. Miller, Charleston, WV, L. Anthony George, Jackson & Kelly, Denver, CO, for Defendant.

## ORDER

KANE, Senior District Judge.

James Randolph Bowe sues SMC Electrical Products, Inc. ("SMC"), his former employer, claiming that SMC wrongfully failed to pay overtime compensation. Before me are the recommendations of Magistrate Judge Pringle on four dispositive motions and the objections thereto of SMC. I overrule the objections and accept the recommendations.

### I. *Background.*

Bowe, a resident of Colorado, was an employee of SMC, a West Virginia corporation. On May 8, 1995, he filed a complaint against SMC in Mesa County District Court, claiming its wrongful failure to pay overtime compensation.

According to the complaint, Bowe was hired by SMC as a service engineer in August 1981. At that time, SMC's president told Bowe he would be paid an overtime rate for any time worked over forty hours per week and that he was to maintain records of his overtime hours. Allegedly, Bowe recorded his overtime hours but, from August 3, 1981 forward, SMC failed to compensate him for them.

The initial complaint asserted five claims for relief: (a) a state law claim for underpayment of wages pursuant to Colo.Rev.Stat. § 8–6–101 (1986) and Colorado Minimum Wage Order Number 19; (b) a federal claim for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201–219; (c) a state law claim for breach of express contract; (d) a claim for exemplary damages; and (e) a claim for attorney fees.

SMC terminated Bowe's employment on July 19, 1995.

On December 4, 1995, Bowe filed an amended complaint adding a claim for wrongful discharge and one for retaliatory discharge, including a prayer for punitive damages related to the discharge.

## II. *Recommendations and Objections.*

On December 20, 1995, the magistrate judge made recommendations regarding four motions: (a) Defendant's Motion to Dismiss State Law Claims, filed on June 12, 1995; (b) Defendant's Motion for Partial Summary Judgment on the Plaintiff's Contract Claim for Overtime Compensation, filed on October 6, 1995; (c) Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, filed on October 11, 1995; and (d) Plaintiff's Motion to Dismiss Defendant's Counterclaim or in the alternative Motion for More Definite Statement, filed on October 26, 1995.

The magistrate judge recommended granting Defendant's Motion to Dismiss State Law Claims with respect to the first and fourth claims for relief, allowing leave to cure the deficiency in the first claim for relief, denying that motion in all other respects and denying all of the other motions.

On January 2, 1996, Bowe filed a Motion for Leave to Amend First Claim for Relief of Amended Complaint.

On January 5, 1996, SMC objected to the recommendations regarding (a) Defendant's Motion to Dismiss State Law Claims; (b) Defendant's Motion for Partial Summary Judgment on the Plaintiff's Contract Claim for Overtime Compensation; and (c) Defendant's Motion for Partial Summary Judgment on the Plaintiff's Contract Claim for Overtime Compensation and Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.

On January 11, 1996, Magistrate Judge Pringle granted Bowe's motion for leave to amend the first claim and accepted for filing Plaintiff's Amendment to First Claim for Relief of Amended Complaint.

On January 22, 1996, Bowe filed Plaintiff's Response to Defendant's Objections to Recommendations and Order of Magistrate Judge Bruce D. Pringle.

On January 25, 1996, SMC filed a Motion to Reconsider requesting reconsideration of Magistrate Judge Pringle's Order of January 11, 1996, granting Bowe's Motion for Leave to File Amended First Claim for Relief.

On January 25, 1996, I granted SMC's Motion to Reconsider, reiterated the order of January 11, 1996 and ordered that, if SMC so chose, Bowe might be redeposed.

## III. *Legal Standards.*

■ I am empowered to designate a magistrate judge to make a report and recommendations on a motion to dismiss or for summary judgment. 28 U.S.C. § 636(b)(1)(B). The scope of review of the report is *de novo. Brown v. Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 954 (6th Cir. 1985), *cert. denied,* 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986).

■ Dismissal of an action is appropriate where the complaint fails to state a claim upon which relief may be granted. Fed. R.Civ.P. 12(b)(6). When ruling on a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and the allegations are taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683,

1686, 40 L.Ed.2d 90 (1974). In determining the sufficiency of the complaint, a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Summary judgment will be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552.

## IV. *Analysis.*

### a. *Defendant's Motion to Dismiss State Law Claims.*

SMC moved to dismiss the first, third and fourth claims contained in the initial complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The magistrate judge recommended the motion be granted as to the first claim for relief based on Colorado Minimum Wage Order Number 19 because Bowe had failed to make the necessary allegation that SMC was in the "retail trade." He allowed Bowe leave to cure the deficiency in that claim. Neither party objected to the recommendation with

regard to the first claim for relief. I agree with and adopt this recommendation.[1]

■ The magistrate judge further recommended SMC's motion be granted as to the fourth claim for relief, finding that exemplary damages are not available for violation of Wage Order Number 19, the FLSA, or for breach of contract. I agree with and adopt this recommendation to which neither party objected.

■ The magistrate judge recommended denying the motion to dismiss with regard to the third claim for relief alleging breach of an express contract for overtime wages. SMC had moved to dismiss on statute of limitations grounds.

Magistrate Judge Pringle found the allegations in the Amended Complaint were ambiguous, paragraph 13 alleging that on August 3, 1991, SMC's President Nash agreed that Bowe would be paid an overtime rate based on his regular rate of pay. He noted the term of the agreement was unspecified, although the Third Claim for Relief suggests similar agreements may have been entered annually.

For the purposes of the motion to dismiss, the magistrate judge found the court need not decide whether Bowe relies on one contract entered in 1981 or a series of annual contracts nor need it decide whether the applicable statute of limitations is three years (under Colo.Rev.Stat. 13–80–101 (1986) applicable to contract actions) or six years (under Colo.Rev.Stat. 13–80–103.5 (1986) applicable to actions for an unliquidated, determinable amount of money due).

The Amended Complaint alleges a failure to pay overtime from August 3, 1981 to July 19, 1995. (Am.Compl. ¶ 16.) The action was filed on May 8, 1995.[2] The magistrate judge found, irrespective of whether the complaint concerns one contract or a series of annual contracts and whether a three or six year

---

1. Bowe has since cured this deficiency in Plaintiff's Amendment to First Claim for Relief of Amended Complaint which states: "SMC is involved in the retail industry as defined in section 1 of Colorado Minimum Wage Order #19." (Pl.'s Am. First Claim Relief ¶ 24(a).)

2. On page 6 of the recommendations, the magistrate judge erroneously refers to the date of filing of the action as June 6, 1995. (Rec. & Order Dec. 20, 1995 at 6.) That was the date of removal to this court.

limitations period applies, at least some portion of Bowe's third claim is actionable.

SMC asserts the magistrate judge was incorrect in recommending that the court need not decide whether Bowe is alleging one or more contracts and in finding the result would be the same. SMC maintains it should be able to tell from the complaint whether Bowe is alleging one or fourteen contracts for the purposes of discovery and trial preparation. Further, it maintains the results will be different depending on how many contracts Bowe alleges. SMC argues if there were only one contract entered in August 1981, the affirmative defenses of statute of limitations, statute of frauds and laches would be put in issue; if there were a series of fourteen contracts, each would have to be analyzed and at least eight should be dismissed as time-barred.

■ The grant of SMC's motion to dismiss under Rule 12(b)(6) on the third cause of action is proper only if it appears Bowe can prove no set of facts entitling him to relief on that cause. *See Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir.1995). "In order to grant a motion to dismiss on limitations grounds, the complaint must facially show noncompliance with the limitations period." *EEOC v. Park Ridge Public Library*, 856 F.Supp. 477, 480 (N.D.Ill.1994); *see* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1537 (1990).

Bowe has sought damages going back only six years. (Am.Compl. ¶¶ 18, 19.) Accordingly, some portion of his claim is actionable whether the three or six year limitation applies. Thus, the claim cannot be dismissed on statute of limitations grounds as it is not facially invalid.

■ SMC further states, although the magistrate judge did not reach the issue of whether Bowe is pleading one or more contracts, he incorrectly implied the Amended Complaint was capable of being read as alleging a series of annual contracts. I disagree.

Bowe alleges he and Nash entered into a contract for wages and overtime compensation. (Am.Compl. ¶ 13.) Thereafter, Bowe alleges, he contracted for wage payments with other representatives on an annual basis. (Am.Compl. ¶ 34.)

Construing the complaint in the light most favorable to Bowe, taking his allegations as true, and applying the liberal pleading standard of Rule 8, each annual contract for wage payments could be read as renewing the previous contract although amending the wage amount. Accordingly, I find the Amended Complaint is capable of being read as alleging a series of contracts.

For the aforesaid reasons, I find the motion to dismiss as to the third claim for relief should be denied and adopt the recommendation of the magistrate judge in this regard.

b. *Defendant's Motion for Partial Summary Judgment on the Plaintiff's Contract Claim for Overtime Compensation.*

■ Under the FLSA, an employee is entitled to overtime pay at a rate one and one-half times his or her regular salary rate. Bowe testified at deposition that the contract on which he relies calls for overtime time at the same rate as his regular pay.

SMC seeks summary judgment on Bowe's third claim for breach of express contract for failure to pay overtime compensation on the basis that the contract is void because it purports to limit Bowe's statutory rights under the FLSA which rights are unwaivable. *See Marshall v. Quik–Trip Corp.*, 672 F.2d 801, 806 (10th Cir.1982).

Magistrate Judge Pringle found the doctrine that rights conferred under the FLSA are unwaivable is of no application here because, to the extent the statute of limitations on the contract claim exceeds the FLSA limitations periods, the contract claim would supplement rather than abridge Bowe's rights under the act. The magistrate judge noted further that SMC's Amended Answer asserts Bowe is an exempt employee and therefore not entitled to overtime under the FLSA. If this position is correct, Magistrate Judge Pringle stated, the FLSA will have no application. He therefore denied the motion for partial summary judgment on the third claim for relief.

In its objections to the denial, SMC asserts the magistrate judge was incorrect in not finding the alleged contract void as a matter of law; in finding that, even if void, it somehow expands the period of limitations provided for in § 255(a) of the FLSA; and in recommending that summary judgment is inappropriate due to the possibility that Bowe may be proven to be an exempt employee.

■ Courts have generally refused to enforce contracts which seek to waive employee's rights under the FLSA where employers have sought to invoke such waiver to the detriment of employees seeking compensation for overtime pay. *See, e.g., Marshall v. Quik–Trip Corp.,* 672 F.2d at 806–07; *Dunlop v. Gray–Goto,* 528 F.2d 792, 795 (10th Cir.1976).

I agree with the magistrate judge, however, that the doctrine has no application here because Bowe seeks overtime pay for six years preceding the filing of his complaint. To the extent that he seeks overtime pay in excess of the two and three year FLSA limitation periods contained in 29 U.S.C. § 255(a), his claim under the express contract would supplement rather than abridge his rights under the FLSA.

■ The FLSA does not create the exclusive remedy for unpaid wages. *American Federation of State, County & Municipal Employees, AFL–CIO Local v. Colorado,* 1994 WL 739417 at *2 (D.Colo. Aug. 10, 1994). Nor does the FLSA preempt a state law claim compensable pursuant to a contract but not the FLSA. *Avery v. City of Talladega, Ala.,* 24 F.3d 1337, 1348 (11th Cir.1994).

■ An employer can contract to provide more protection against uncompensated overtime than FLSA requires. *Id.* "[A]s a matter of logic, that greater protection can just as well take the form of a promise to pay for a longer time period (that is the limitations period for a written contract rather than FLSA's shorter limitations period), as, for example, the form of a promise to pay double time rather than time-and-a-half for overtime." *Albee v. Village of Bartlett, Ill.,* 861 F.Supp. 680, 691 (N.D.Ill.1994).

Accordingly, at very least, Bowe may recover on his breach of contract claim for unpaid overtime compensation to the extent that the statute of limitations on the contract claim exceeds the FLSA limitations period. For this reason, I find it unnecessary to address the issue of the possibility that Bowe has exempt status under the FLSA, as alleged by SMC in its Amended Answer. I accept the recommendation and deny SMC's motion for summary judgment on this cause of action.

*c. Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment.*

■ SMC moved to dismiss, or in the alternative for summary judgment, contending that Bowe failed to adduce sufficient evidence that he actually worked overtime. In support of their respective positions, both parties submitted portions of Bowe's deposition transcript. Therefore, as the magistrate judge correctly determined, the motion is appropriately dealt with under Rule 56 as a summary judgment motion.

An employee who brings suit under § 16(b) of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. . . .

. . . . Where the employer's records are inaccurate or inadequate. . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

*Anderson v. Mt. Clemens Pottery,* 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).

■ Magistrate Judge Pringle found, on the basis of Bowe's deposition testimony and records for the hours worked which he ini-

tially kept on a calendar and then in a day timer, that his records were sufficient to meet the limited burden of production under *Mt. Clemens Pottery*. He concluded SMC's attack on the credibility of Bowe's record keeping simply gave rise to a triable issue of fact which precluded the resolution of Bowe's overtime claims by summary judgment.

SMC objects the magistrate judge was incorrect in recommending that it is not entitled to summary judgment on Bowe's wage and hour claims. SMC maintains Magistrate Judge Pringle was incorrect in finding that it had violated its statutory duty to maintain records under *Mt. Clemens Pottery* because SMC neither knew nor should have known that Bowe was working overtime. SMC further argues, even under the lowered standard of proof, Bowe has not put forth sufficient evidence to show he worked overtime hours.

I disagree with these objections. SMC did not keep records of the alleged overtime hours worked by Bowe. Accordingly, the burden shifting formula of *Mt. Clemens Pottery* applies. Viewing the evidence in the light most favorable to the non-movant Bowe, he has overcome the initial burden of production and a genuine issue of material fact exists as to whether SMC can negative the reasonableness of the inference to be drawn from Bowe's evidence. I therefore overrule SMC's objections and adopt the recommendation of the magistrate judge that the motion to dismiss or, in the alternative, for summary judgment be denied.

d. *Plaintiff's Motion to Dismiss Defendant's Counterclaim or in the Alternative Motion for More Definite Statement.*

The magistrate judge recommended that Plaintiff's Motion to Dismiss Defendant's Counterclaim or in the Alternative Motion for More Definite Statement should be denied in its entirety. Neither party objected to this recommendation. I agree with Magistrate Judge Pringle's findings in this regard, adopt his recommendation, and deny Bowe's motion.

### V. *Conclusion.*

For the reasons stated above, I overrule SMC's objections and adopt the recommendations of the magistrate judge. Accordingly,

IT IS ORDERED THAT Defendant, SMC Electrical Products, Inc.'s Objections to Recommendations and Order of United States Magistrate Judge Bruce D. Pringle are OVERRULED;

IT IS FURTHER ORDERED THAT the Recommendations and Order of United States Magistrate Judge Bruce D. Pringle of December 20, 1995 are ADOPTED and AFFIRMED;

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss State Law Claims is GRANTED with respect to the First and Fourth Claims for Relief and the First and Fourth Claims are dismissed with leave to amend the Complaint to attempt to cure the deficiency in the First Claim for Relief; in all other respects, the motion is DENIED;

IT IS FURTHER ORDERED THAT SMC's Motion to Dismiss, or, in the Alternative, for Summary Judgment is DENIED;

IT IS FURTHER ORDERED THAT SMC's Motion for Partial Summary Judgment on Plaintiff's Contract Claim for Overtime Compensation is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Dismiss Defendant's Counterclaim or in the Alternative Motion for More Definite Statement is DENIED.