**Nancy K. HAMMOND, on behalf of herself and for all present and former employees similarly situated, Plaintiffs,**

v.

**LOWE'S HOME CENTERS, INC., Defendant.**

**No. CIV.A. 02–2509–CM.**

United States District Court, D. Kansas.

Jan. 8, 2004.

Alan G. Crone, James R. Becker, Jr., James J. Webb, Jr., Crone & Mason, PLC, Memphis, TN, Dennis E. Egan, Stephen J. Dennis, The Popham Law Firm, P.C., Kansas City, MO, Michael F. Brady, Over-

land Park, KS, Thomas H. Brill, Leawood, KS, for Plaintiffs.

Andrew J. Voss, Marko J. Mrkonich, Littler Mendelson, PC, Minneapolis, MN, Anthony J. Romano, Matthew R. O'Connor, Polsinelli Shalton & Welte, P.C., Kansas City, MO, John A. Ybarra, Keith Hult, Littler Mendelson, P.C., Chicago, IL, for Defendant.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Nancy Hammond filed this lawsuit on behalf of herself and other similarly situated employees of defendant Lowe's Home Centers, Inc., under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, attorney fees, and costs. Plaintiffs filed their First Amended Complaint on November 4, 2003, alleging that defendant violated FLSA and asserting a breach of contract claim. Specifically, plaintiffs allege that defendant breached their respective employment contracts by (1) prorating their pay for their last week of employment; (2) switching their method of payment from salaried to hourly; (3) failing to pay them for off-the-clock work; (4) failing to properly pay hourly overtime; (5) subjecting them to a policy of forced absences under a sick leave policy; (6) failing to pay for or allow use of accumulated comp time; (7) making improper deductions from their pay; and (8) failing to pay proper overtime. This matter is before the court on defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 92). Also before the court is defendant's Motion for Summary Judgment (Doc. 61); plaintiffs' Motion for Class Certification (Doc. 50); and defendant's Motion to Dismiss or Strike Plaintiff's Motion for Class Certification (Doc. 57).

### I. Motion to Dismiss Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive, *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

### II. Discussion

#### A. Contract of Employment

Plaintiffs bring their breach of contract claim on their own behalf, and on behalf of other present or former employees who "signed a written contract of employment." Defendant contends that plaintiffs' breach of contract claim fails as a matter of law. Specifically, defendant maintains that the contract in question contains no terms regarding compensation and that the acts complained of by plaintiffs are thus not in breach of the contract.

The document prospective employees sign prior to commencing employment with defendant is comprised of five sections on a single page. The employee

initials each of the first four sections. The first section is titled "Notice of Lowe's Policies" and contains, among other provisions, the following language:

> Working "off-the-clock" by overtime eligible and commissioned staff is strictly forbidden and could result in termination of employment for those at fault. ***Employees are entitled to payment for all eligible hours*** and are encouraged to report any actual or suspected "off-the-clock" work.

(emphasis added). The second section is titled "Lowe's Employee Orientation Guide" and contains an acknowledgment of receipt of the Lowe's Orientation Guide, language explaining that the Guide does not itself create contractual obligations, and an agreement that the employment relationship is "at will." In the third section, the employee acknowledges Lowe's Code of Ethics and agrees that she will comply with the ethical code. In the fourth section, the employee agrees to abide by Lowe's policies regarding the use and security of the company's computer resources, software, and data.

The fifth section, entitled "Contract of Employment," is signed by both the employee and the manager, acting as defendant's agent. This section provides that the employee will give her undivided time and service to the company, that the employment contract shall be terminable at will by either party, and that use of illegal drugs or alcohol on the job serves as a basis for termination. Defendant argues that the fifth section of the document comprises the entire employment contract and that, because the fifth section contains no language regarding compensation, none of defendant's alleged acts resulting in the failure to properly compensate plaintiffs is a breach of that contract.

■ The court finds significant that the various sections of the document all appear on the same page and are all either initialed or signed by the employee, raising the inference that the sections were executed contemporaneously as part of the same transaction. Under Kansas law, documents executed at the same time as part of a single transaction are construed together. *In re Villa West Assocs.*, 146 F.3d 798, 803 (10th Cir.1998) ("Where two or more instruments are executed by the same parties at or near the same time in the course of the same transaction and concern the same subject matter, they will be read and construed together to determine the intent, rights, and interests of the parties."); *United Tunneling Enters., Inc. v. Havens Constr. Co.*, 35 F.Supp.2d 789, 793 (D.Kan.1998) ("If a contract includes a series of writings, all writings that are part of the same transaction are interpreted together."); *Hollenbeck v. Household Bank*, 250 Kan. 747, 752, 829 P.2d 903 (1992) ("Documents which are executed at different times, but in the course of the same transaction concerning the same subject matter, will be construed together to determine the intent of the parties to the contract."). In addition, the fifth section states that the agreement is made "in consideration of the application for employment and of the mutual covenants herein contained," language that could be construed to evidence the parties' intent that the provisions of the first four sections be part and parcel of the entire document.

■ In the instant case, viewing all facts in the light most favorable to plaintiffs, Count II of the First Amended Complaint states a legally cognizable claim. The various sections of the document all appear on the same page and are all either initialed or signed by the employee. Each section deals with the same subject matter—the terms and conditions of employment. Furthermore, several of the sections, not just the fifth one, contain contractual language. For example, the

second section contains the following language: "It is agreed that the employment relationship between me and the company is at will and is terminable at the will of either party." Section three provides that the employee "will comply" with Lowe's Code of Ethics. The fourth section contains the following contractual language: "I agree to abide by all company policies in the use of Lowe's computer resources, software and data." The fifth section could be construed to indicate that the terms from the previous four sections are part of the contract by stating that the agreement is made "in consideration of the application for employment and of the mutual covenants herein contained." At this stage in the litigation, to the extent there exists any ambiguity, the court construes the document against the drafting party, in this case defendant.

Given that all five sections could be construed as part of the entire contract, plaintiffs have alleged a breach of that contract. As noted above, the first section of the document provides that employees are entitled to payment for all hours worked. If proven, plaintiffs' allegations would constitute a breach of defendant's contractual obligations to pay for all hours worked, including overtime. Defendant's motion to dismiss on this basis is denied.

## B. FLSA Preemption

■ Defendant contends that plaintiffs' breach of contract claim is preempted by the FLSA. As a general proposition, state law claims that merely seek to enforce the defined remedies of the FLSA are preempted. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (holding Kansas common law claims precluded by statutory remedy contained in FLSA). However, the FLSA does not create the exclusive remedy for unpaid wages, nor does the FLSA preempt a state law claim compensable pursuant to a contract but not the FLSA. *Avery v. City of*

*Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir.1994). In other words, an employer may establish contractual rights to overtime or other payments that exceed the FLSA's mandate, *see* 29 C.F.R. § 553.223(b), and an employer may be held liable for breach of contract if a plaintiff establishes a right to such a payment in a contract independent of the FLSA. *Avery*, 24 F.3d at 1348.

■ In this case, the substance of plaintiffs' claims appear to be encompassed by the remedies available under the FLSA. However, plaintiffs seek payment for unpaid wages for five years preceding the filing of the original Complaint. As such, plaintiffs seek overtime pay in excess of the two and three year FLSA limitation periods contained in 29 U.S.C. § 255(a). In this situation, plaintiffs' claims under the express contract would supplement rather than abridge their rights under the FLSA. *Bowe v. SMC Elec. Prods., Inc.*, 916 F.Supp. 1066 (D.Colo.1996).

■ An employer can contract to provide more protection against uncompensated overtime than FLSA requires. *Id.* (citing *Avery*, 24 F.3d at 1348). "[A]s a matter of logic, that greater protection can just as well take the form of a promise to pay for a longer time period (that is the limitations period for a written contract rather than FLSA's shorter limitations period), as, for example, the form of a promise to pay double time rather than time-and-a-half for overtime." *Albee v. Village of Bartlett, Ill.*, 861 F.Supp. 680, 691 (N.D.Ill.1994). Accordingly, plaintiffs may recover on their breach of contract claim for unpaid wages only to the extent that the statute of limitations on the contract claim exceeds the FLSA limitations period. Defendant's motion to dismiss on this basis is therefore granted in part and denied in part.

## III. Other Pending Motions

### A. Motion for Summary Judgment (Doc. 61)

On September 18, 2003, defendant filed a Motion for Summary Judgment (Doc. 61). Since that time, the court granted plaintiffs leave to amend their original Complaint, and a First Amended Complaint has been duly filed. As such, defendant's Motion for Summary Judgment as to plaintiffs' original Complaint is now moot. Defendant has indicated that it will seek leave to renew its summary judgment motion under Rule 56 once the court determines which claims merit further discovery.

### B. Motion for Class Certification (Doc. 50)

On August 27, 2003, plaintiffs filed a Motion for Class Certification (Doc. 50) on their breach of contract claim. In response, defendant filed a Motion to Dismiss or Strike Plaintiff's Motion for Class Certification (Doc. 57). Defendant's motion to strike was premised on the fact that, at the time plaintiffs filed their motion for class certification, plaintiffs had not yet been granted leave to file their First Amended Complaint alleging a breach of contract. Defendant rightfully argued that plaintiffs' breach of contract claim was at that time only a *proposed* cause of action and that, as a result, plaintiffs could not certify a class with respect to a claim not yet pled.

At this juncture, plaintiffs have filed their First Amended Complaint, and the court herein has declined to dismiss in its entirety plaintiffs' breach of contract claim. The court therefore deems defendant's motion to strike, and the arguments contained therein, as moot. The court hereby grants defendant twenty days in which to respond to plaintiffs' motion for class certification, upon which plaintiffs will have ten days in which to reply.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 92) is granted in part and denied in part; defendant's Motion for Summary Judgment (Doc. 61) is denied as moot; and defendant's Motion to Dismiss or Strike Plaintiff's Motion for Class Certification (Doc. 57) is denied as moot.